Argued and submitted April 18, reversed and remanded September 3, 1986

# DOMINGO,
*Appellant,*

*v.*

# COPELAND LUMBER YARDS,
*Respondent.*

(A8403-01993; CA A35265)

724 P2d 841

Gerald Pullen, Judge Pro Tempore.

Dennis J. Sousa, Portland, argued the cause and filed the brief for appellant.

Gregory A. Chaimov, Portland, argued the cause for respondent. With him on the brief were Jeffrey J. Druckman, Portland, and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for wrongful discharge. Plaintiff appeals from a summary judgment for defendant. We reverse.

Plaintiff was employed by defendant as a sales ticket auditor in 1974. In 1979, he was promoted to lead auditor. On March 31, 1982, defendant notified him that he was going to be discharged because of his unsatisfactory job performance. Rather than being discharged, on April 1, 1982, he was demoted to his former position.

In or about April, 1982, defendant distributed an employe manual that, *inter alia,* set out grounds for discharge or suspension of employes:

"A warning notice regarding complaint, discharge or suspension, shall be for just cause. A non-probationary employee shall not be discharged unless a written warning notice has been given to such employee."

Plaintiff's deposition shows that on April, 6, 1982, defendant orally warned him that his production was low. In May, defendant orally warned him that a letter of reprimand would be issued if his production did not improve. On June 14, defendant gave him a written warning notice that stated in part:

"We have just reviewed the quality of your work and find it is not satisfactory. We feel we must write you a letter of reprimand.

"The company anticipates that if the quality of your work does not improve, disciplinary action, including possible discharge, will be necessary."

Plaintiff offered defendant evidence that he claimed showed that the quality of his work was good. He also explained that other sales ticket auditors produced more because they were not following company procedures. Defendant declined to reconsider plaintiff's case or to rescind the reprimand.

On September 30, defendant gave plaintiff a notice of discharge that stated in part:

"Due to the fact that your productivity has been unacceptable for some time and you have not responded positively to our counsel on this matter, we find it necessary to terminate your employment with Copeland Lumber Yards, Inc."

Exhibits to plaintiff's affidavit in opposition to the motion for summary judgment show that, in evaluating its employes, defendant used a form that distinguished between the quality of an employes' work and the quantity of work that that employe produced.

Plaintiff argues that there were issues of material fact concerning whether the employment contract required that the written warning notice of June 14 state the same ground as stated in the the discharge letter of September 30, whether defendant complied with the notice terms of the employe manual and whether the defendant's reasons for discharging plaintiff amounted to "just cause." Defendant argues that the only reasonable inferences that could be drawn from the record on summary judgment were that plaintiff received the written warning notice that he was entitled to receive under the employment contract, that there was substantial evidence that his work was poor and that defendant had acted in good faith when it discharged him.

We examine the record in the light most favorable to the party opposing summary judgment, in this case plaintiff. *Welch v. Bancorp Management Services,* 296 Or 713, 716, 679 P2d 866 (1984); *Stanfield v. Laccorace,* 288 Or 659, 665, 607 P2d 177 (1980). The employe manual is part of the employment contract between the parties. *See Yartzoff v. Democrat-Herald Publishing Co.,* 281 Or 651, 656-57, 576 P2d 356 (1978). That is true, even though it was distributed years after plaintiff's employment began. 281 Or at 657. In order to prevail on summary judgment, defendant had to show that there were no issues of fact as to the intent of the parties to the contract or as to whether plaintiff had received the written warning notice that he was entitled to receive under the employment contract. Defendant also had to show that, as a matter of law, it was entitled to a judgment.

The employe manual was not an integrated contract. Thus, parol evidence was admissible to explain its meaning. *See* ORS 41.740; *Hatley v. Stafford,* 284 Or 523, 588 P2d 603 (1978); *Pio v. John B. Gilland Const.,* 276 Or 975, 560 P2d 247 (1976). The manual required that defendant give the employe a written warning notice "regarding complaint." The manual did not specify whether any subsequent discharge notice had to be based on the same complaint as an earlier warning

notice. When the terms of an employment contract are ambiguous, it is necessary to determine the intent of the parties. Determination of the intent of the parties to an ambiguous contract is a question for the trier of fact. *Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 92-93, 592 P2d 1014 (1979); *Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or App 282, 285-86, 709 P2d 1103 (1985); *Bartlam v. Tikka,* 50 Or App 217, 220, 622 P2d 1133, *rev den* 290 Or 853 (1981).

■　　　Generally, in the absence of a contract, statute or constitutional impediment, an employer may discharge an employe at any time and for any reason. *Delaney v. Taco Time Int'l.,* 297 Or 10, 14, 681 P2d 114 (1984); *Simpson v. Western Graphics,* 293 Or 96, 99, 643 P2d 1276 (1982). A requirement of written notice in advance of discharge gives an employe additional rights. A trier of fact could reasonably conclude that the purpose of requiring a written warning notice "regarding complaint" was to give the unsatisfactory employe an opportunity to correct the problem and, thus, avoid discharge. In theory, that would be in the best interests of both the employe and the employer. A trier of fact could also reasonably conclude that, in order to accomplish that purpose, the discharge notice had to be based on the same complaint as any earlier warning notice.

■　　　Plaintiff was given a written warning notice that stated that the quality of his work was unsatisfactory and that he might be discharged if that quality did not improve. He responded with evidence that he claimed showed that the quality of his work was good and that the quantity of his work was less than that of other sales ticket auditors because he was following company procedures and they were not. He was discharged for poor productivity. There is evidence in the record that defendant had used a form that distinguished between the quality of an employe's work and the quantity of work that that employe produced. Thus, a question of fact exists whether the warning notice plaintiff received could provide the basis for a subsequent discharge on the ground of poor productivity. The trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.