Argued and submitted December 11, 1985, affirmed in part and reversed and
remanded in part November 12, 1986, reconsideration denied January 16, petition for
review denied March 17, 1987 (303 Or 74)

# FRAZIER,
*Appellant,*

*v.*

# MINNESOTA MINING AND MANUFACTURING
COMPANY et al,
*Respondents.*

(83-2736-J-1; CA A34914)

728 P2d 87

Thad M. Guyer, Jackson County Legal Services, Medford, argued the cause and filed the reply brief for appellant. On the opening brief was Jeannette Marshall, Medford.

Russell J. Thomas, Jr., Detroit, Michigan, argued the cause for respondents. With him on the brief were Cindy Rhodes Victor, Detroit, Michigan, and William P. Haberlach, and Cushing and Haberlach, Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action for wrongful discharge, breach of an employment contract, "outrageous conduct" and employment discrimination, after being discharged from her employment at Minnesota Mining and Manufacturing Company (3M) for alleged insubordination and use of abusive language. The trial court granted defendants' motion for summary judgment on all claims, and plaintiff appeals, asserting error with respect to the granting of judgment on the claims of employment discrimination and breach of contract.

Plaintiff alleges in her breach of contract claim that she was hired by 3M on May 6, 1974, that at that time she received an employe handbook which contained rules and policies pertaining to her employment and that the handbook was a part of her employment contract with 3M. She further alleges that she was arbitrarily terminated on October 28, 1982, without just cause, in violation of 3M's rules and the contract. The trial court held as a matter of law that the employe handbook, which it implicitly concluded was a part of the employment contract, did not place any limitations on 3M's ability to discharge employes.

Plaintiff asserts that, under her employment contract, she could be fired only for proper cause and that factual questions remain as to whether her discharge was consistent with that condition.

Plaintiff stated in her deposition:

"When I was hired the 3M Company gave me a handbook entitled 'You and Your Company', and on page 21 of the handbook is mentioned the poster 'Let's Talk It Over' that was displayed in various places in the plant from the time I was hired. * * *

"* * * But no one ever 'talked it over' with me before dismissing me and I did not violate any major rules. * * *"

The handbook was part of plaintiff's employment contract with 3M. *Yartzoff v. Democrat Herald,* 281 Or 651, 516 P2d 356 (1978); *Domingo v. Copeland Lumber Yard,* 81 Or App 52, 724 P2d 841 (1986); *Wyss v. Inskeep,* 73 Or App 661, 699 P2d 1161, *rev den* 300 Or 64 (1985). The handbook provides, in part, under the heading "Seniority":

"Termination of seniority — *seniority and employment* will automatically terminate for the following reasons:

"* * * * *

"2. Termination or discharge *for proper cause.*" (Emphasis supplied.)

We conclude that that provision limits 3M's ability to discharge employes to circumstances constituting "proper cause." We can attribute no other significance to the use of the term "proper cause." The only inference is that a discharge for any reason which is not "proper cause" is not sufficient to terminate an employe's seniority or employment.

Here, as in *Simpson v. Western Graphics,* 293 Or 96, 643 P2d 1276 (1982), there is no express provision transferring authority to make the factual determination of "proper cause" from the employer to another arbiter. Thus, the question of what constitutes "proper cause" is for 3M to decide; however, issues of fact remain as to whether 3M's decision to discharge plaintiff was based on proper cause and whether 3M acted in good faith. *See Simpson v. Western Graphics Corp.,* 53 Or App 205, 211, 631 P2d 805 (1981), *affirmed* 293 Or 96, 643 P2d 1276 (1982). It was error for the trial court to grant defendants summary judgment on the breach of contract claim.

Plaintiff alleges that she was terminated from her employment and that similarly situated male employes were not terminated after similar or more serious misconduct. Plaintiff's ex-supervisor stated in an affidavit that the use of profanity, one of the alleged grounds for plaintiff's discharge, is common in the plant. He also stated that a male employe who came to work drunk and with his dog was not fired. Plaintiff stated in her affidavit that she had performed her work well at 3M, that she was discharged, that the two men who participated with her in the conduct alleged to be part of the reason for her discharge had not been fired or disciplined, that a male employe who attempted to assault another employe had not been discharged and that two male employees who seriously abused a woman employe had not been disciplined.

There is evidence from which a jury could reasonably find that plaintiff was treated less favorably because of her sex, and that is sufficient to make a *prima facie* case in a

statutory claim of employment discrimination. ORS 659.030(1)(a).

Reversed and remanded on the claims of breach of employment contract and employment discrimination; otherwise affirmed.