Argued and submitted July 14, 1986, affirmed January 28, respondent's cross-petition for reconsideration denied, appellant's petition for reconsideration allowed April 22, 1987
See 85 Or App 38 (1987)

JANZEN,
*Appellant,*

*v.*

SUNRIVER LANDS, INC.,
*Respondent.*

(36791; CA A38634)

732 P2d 35

Michael R. Stebbins, North Bend, argued the cause for appellant. With him on the briefs was Hayner, Stebbins & Coffey, North Bend.

William M. Holmes, Bend, argued the cause for respondent. With him on the brief was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Plaintiff alleges that defendant, his former employer, violated ORS 659.415 by failing to reinstate him to his former position when he was released to return to work after suffering a compensable injury. In a separate "count," he contends that defendant violated its employe handbook and wrongfully terminated him. The trial court granted summary judgment for defendant, and plaintiff appeals.

His first assignment is that the trial court erred by ruling that ORS 659.415(1) does not require an employer to reinstate an employe to his existing former position if the employer had filled that position during the time when the employe was away from work because of a compensable injury. We agree with plaintiff for the reasons stated in *Knapp v. City of North Bend*, 83 Or App 350, 732 P2d 31 (1987). Plaintiff makes three further assignments. However, we understand him to waive those assignments if his first assignment is decided in his favor.[1]

Reversed and remanded on Count I for further proceedings not inconsistent with this opinion; otherwise affirmed.

---

[1] Plaintiff states in the conclusion of his opening brief:

"The plaintiff requests that the ruling of the trial court be reversed as to Assignment of Error No. 1 and judgment be entered for the Plaintiff for his back wages from August 1, 1983 until such time as he has been reinstated in his former position of employment and for his costs, disbursements and attorney's fees incurred in the prosecution of his claim.

"And, in the alternative, if the court does not reverse the trial court as outlined in the [preceding] paragraph, then Plaintiff requests this matter be remanded to the trial court to allow the Plaintiff to go to trial as to both counts of his Complaint as outlined in Assignments of Error Nos. 2, 3 and 4."

We understand plaintiff to mean that the other assignments are intended only as alternatives to plaintiff's first one, although the fourth assignment relates to his wrongful termination claim rather than the claim with which the first assignment is concerned.

Given the posture of the case, we cannot now accord the precise and detailed relief plaintiff describes in connection with his first assignment. He does not argue or assign as error that he as well as defendant moved for summary judgment and that the case could have been decided by the trial court on cross-motions for summary judgment. Our reversal of the summary judgment for defendant requires further proceedings in the trial court, and we cannot instruct the court regarding the particulars of the judgment before the trial court proceedings are completed.