On appellant's reconsideration filed February 20, and respondent's cross-petition filed March 3, on cross-petition, reconsideration denied; on petition, reconsideration allowed, former opinion (83 Or App 510, 732 P2d 35) modified and adhered to as modified April 22, respondent's cross-petition for review allowed by opinion October 20, 1987
See 304 Or 278 (1987)

## JANZEN,
*Appellant,*

*v.*

## SUNRIVER LANDS, INC.,
*Respondent.*

(36791; CA A38634)

735 P2d 376

Mike Stebbins and Hayner, Stebbins & Coffey, North Bend for petition.

William M. Holmes and Gray, Fancher, Holmes, Hurley & Bischof, Bend, for cross-petition.

Susan P. Graber, Eileen Drake and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed a brief *amici curiae* for A-Dec, Inc.; Bohemia, Inc.; Good Samaritan Hospital; Kaiser Foundation Health Plan of the Northwest and Kaiser Foundation Hospitals; Les Schwab Tire Centers of Oregon and Les Schwab Warehouse Center, Inc.; Leupold & Stevens, Inc.; and Precision Castparts Corp.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In our original opinion in this appeal, 83 Or App 510, 732 P2d 35 (1987), in response to plaintiff's first assignment of error we reversed and remanded a summary judgment for defendant on plaintiff's first count and held that ORS 659.415(1) requires "an employer to reinstate an employe to his existing former position," notwithstanding that the employer "filled that position during the time when the employe was away from work because of a compensable injury." 83 Or App at 511; *see also Knapp v. City of North Bend,* 83 Or App 350, 732 P2d 31 (1987). We did not reach plaintiff's other assignments, and we therefore affirmed the summary judgment for defendant on the second count. Defendant seeks reconsideration of our ruling on the first assignment. We deny its cross-petition.

Plaintiff's petition challenges our failure to address the other assignments. We allow reconsideration on his petition, modify our former opinion and adhere to it as modified.

We concluded in our original opinion that plaintiff had waived his assignments other than the first:

"Plaintiff states in the conclusion of his opening brief:

" 'The plaintiff requests that the ruling of the trial court be reversed as to Assignment of Error No. 1 and judgment be entered for the Plaintiff for his back wages from August 1, 1983 until such time as he has been reinstated in his former position of employment and for his costs, disbursements and attorney's fees incurred in the prosecution of his claim.

" 'And, in the alternative, if the court does not reverse the trial court as outlined in the [preceding] paragraph, then Plaintiff requests this matter be remanded to the trial court to allow the Plaintiff to go to trial as to both counts of his Complaint as outlined in Assignments of Error Nos. 2, 3 and 4.'

"We understand plaintiff to mean that the other assignments are intended only as alternatives to plaintiff's first one, although the fourth assignment relates to his wrongful termination claim rather than the claim with which the first assignment is concerned.

"Given the posture of the case, we cannot now accord the

precise and detailed relief plaintiff describes in connection with his first assignment. He does not argue or assign as error that he as well as defendant moved for summary judgment and that the case could have been decided by the trial court on cross-motions for summary judgment. Our reversal of the summary judgment for defendant requires further proceedings in the trial court, and we cannot instruct the court regarding the particulars of the judgment before the trial court proceedings are completed." 83 Or App at 511, n 1.

Plaintiff argues that we read his waiver too broadly. He explains:

"Assignments of Error Nos. 2, 3 and 4 were waived only if the Court of Appeals had reversed the Trial Court on Assignment of Error No. 1 *and* ordered that judgment be entered for Fred Janzen for his back wages and reinstatement. The Court of Appeals only reversed and remanded the case to [the] Trial Court. It did not enter a judgment for the Plaintiff or order that a judgment be entered for the Plaintiff for back wages or reinstatement. Accordingly, Mr. Janzen did not waive Assignments of Error Nos. 2, 3 and 4.

"Since the Court of Appeals refused to enter the judgment requested by the Plaintiff, Assignments of Error Nos. 2, 3, and 4 have not been waived. Mr. Janzen would request that they be ruled upon by the Court." (Emphasis plaintiff's.)

We do not understand *what* plaintiff thought he was waiving, if he intended to condition his entirely gratuitous waiver on dispositive relief which this court *could not* have accorded in the present appeal. We do agree, however, that plaintiff is entitled to have his waiver read literally and that we erred by reading it as if it was meant to waive something rather than reading it literally. We turn to the merits of the three assignments we did not reach in our original opinion.

Plaintiff's second assignment is that the trial court failed to consider whether defendant violated ORS 659.415 by not placing plaintiff in an "available and suitable" position other than his former one, as well as by failing to reinstate plaintiff to the former position. The third assignment asserts both that the court erred in ruling that defendant did not violate ORS 659.410, as well as ORS 659.415, and that the court's memorandum opinion did "not discuss in any way, shape or form whether the provisions of ORS 659.410 were violated." It is correct that the trial court did not address those

issues in its opinion or its judgment. To whatever extent the issues were or remain relevant to this case in the light of our ruling on the first assignment of error, they are part of plaintiff's first count. As such, they are within the scope of our original remand.[1]

Plaintiff's fourth assignment is that the trial court erred by granting summary judgment against him on his second count, in which he contended that defendant wrongfully terminated him, because his discharge and the leave of absence and demotion which preceded it violated defendant's employe handbook. We find nothing in the portions of the handbook to which plaintiff's complaint or his briefs advert which can, as a matter of law, have any bearing on the events of which he complains. The leave of absence provision of the handbook relates only to the conditions of and under which defendant will allow employe requests for leaves. The other provisions on which plaintiff relies relate to discharges and other disciplinary penalties. No disciplinary action was involved here. Plaintiff's theory appears to be that, by providing that certain infractions can result in an employe's discharge and others can result only in lesser sanctions, the handbook implicitly makes all discharges dependent on cause, and that the purported medical basis for his termination is not among the causes the handbook enumerates. He is incorrect.

■ The handbook makes discharge and other penalties possible disciplinary sanctions. However, those disciplinary provisions do not prohibit defendant from firing employes for reasons other than discipline. Nothing plaintiff identifies in the handbook prohibits or prescribes substantive or procedural limitations on discharges for non-disciplinary reasons.[2] Defendant's discharge of plaintiff may have been a statutory violation, but it did not violate the handbook. The

---

[1] Plaintiff's petition invites us to address the merits of the issues. We cannot do so before the trial court has ruled on them. However, we note that our discussion in *Knapp v. City of North Bend, supra,* 83 Or App at 354, n 3 and 355, may have bearing on the issues.

[2] This case differs from *Frazier v. Minnesota Mining and Manu.,* 82 Or App 328, 728 P2d 87 (1986), *rev den* 303 Or 74 (1987). The employe's handbook there provided that "employment will automatically terminate" in the event of "[t]ermination or discharge for proper cause." *See* 82 Or App at 331. That provision, by its terms, applies to all discharges.

trial court's ruling on the merits of the second count was correct.

On cross-petition, reconsideration denied; on petition, reconsideration allowed; former opinion modified and adhered to as modified.[3]

---

[3] Although we are normally reluctant to offer gratuitous commentary on our decisions, we do suggest that plaintiff read our original opinion in this case and our opinion in *Knapp v. City of North Bend, supra,* again, to reconfirm his apparent understanding of how close the relief we afforded on his first assignment did or did not come to meeting the objective of his waiver.