Submitted on remand November 23, affirmed in part, reversed and remanded in part
December 23, 1987

JANZEN,
*Appellant,*

*v.*

SUNRIVER LANDS, INC.,
*Respondent.*

(36791; CA A38634)

747 P2d 378

Mike Stebbins and Hayner, Stebbins & Coffey, North Bend, for appellant.

William M. Holmes and Gray, Fancher, Holmes, Hurley & Bischof, Bend, for respondent.

Susan P. Graber, Eileen Drake and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed a brief *amici curiae* for A-Dec, Inc.; Bohemia, Inc.; Good Samaritan Hospital; Kaiser Foundation Health Plan of the Northwest and Kaiser Foundation Hospitals; Les Schwab Tire Centers of Oregon and Les Schwab Warehouse Center, Inc.; Leupold & Stevens, Inc.; and Precision Castparts Corp.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Supreme Court remanded this case to us for reconsideration in the light of its decision in *Knapp v. City of North Bend,* 304 Or 34, 741 P2d 505 (1987). 304 Or 278, 743 P2d 1115 (1987). Plaintiff, a former employe of defendant, was not reinstated to his former position as a cook when he was released to return to work after suffering a compensable injury. Defendant also declined to employ plaintiff in its public safety department, and he contends that it thereby failed to place him in another "available and suitable" position.

In our earlier consideration of the appeal, we reversed and remanded the trial court's summary judgment for defendant. We concluded that ORS 659.415(1)[1] requires an employer, when an employe returns to work after a compensable injury, to reinstate the employe to his former position, notwithstanding that the position has been filled during the employe's absence. *Janzen v. Sunriver Lands, Inc.,* 83 Or App 510, 732 P2d 35, *on reconsideration* 85 Or App 38, 735 P2d 376 (1987). The Supreme Court interpreted the statute in the opposite manner in *Knapp v. City of North Bend, supra.* Consequently, we reject plaintiff's first assignment of error, relating to defendant's failure to reinstate him to his former position.

In his second assignment, plaintiff contends that the trial court erred by granting summary judgment against him on his claim that defendant violated ORS 659.415(1) by not placing him in the public safety position. We agree. An employer's failure to place an employe in "any other position which is available and suitable," if the employe's former position is not available and if he is not disabled from performing the alternative job, is a violation of ORS 659.415. Defendant presented evidence that its personnel director believed that plaintiff could not perform as a public safety officer because of

---

[1] ORS 659.415(1) provides:

"A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, provided that the position is available and the worker is not disabled from performing the duties of such position. If the former position is not available, the worker shall be reinstated in any other position which is available and suitable. A certificate by a duly licensed physician that the physician approves the worker's return to the worker's regular employment shall be prima facie evidence that the worker is able to perform such duties."

his physical problems. However, there was also some evidence that that belief was contrary to medical opinion. There is an issue of material fact. Defendant's contrary argument and its other arguments for rejecting plaintiff's second assignment are unpersuasive, and we hold that the court erred by granting summary judgment on the issue.

It follows from our disposition of plaintiff's second assignment that we also agree with his third, in which he argues, *inter alia,* that it was error to grant summary judgment on his contention that his discharge and the failure to place him in an available and suitable position violated ORS 659.410.

We rejected defendant's fourth assignment in our earlier opinion on reconsideration, and we do not understand that assignment to come within the Supreme Court's remand.

Reversed and remanded on Count I for further proceedings not inconsistent with this opinion;[2] otherwise affirmed.

---

[2] The first three assignments all pertain to Count I of the complaint.