La Vonne RICE, Plaintiff,

v.

**COMTEK MANUFACTURING OF OREGON, INC., an Oregon corporation; and Tektronix, Inc., an Oregon corporation, Defendants.**

Civ. No. 89–1198–JU.

United States District Court,
D. Oregon.

Nov. 12, 1990.

See also 766 F.Supp. 1550.

Richard C. Busse, Donald B. Potter, Portland, Or., for plaintiff.

Charles F. Hinkle, Glenn J. Hovemann, Portland, Or., for defendants.

## ORDER

REDDEN, Chief Judge:

Judge Juba filed his Findings and Recommendation on *Rice v. Comtek Manufacturing of Oregon, Inc.*, CV 89–1198–JU. The matter is now before me pursuant to 28 U.S.C. section 636(b)(1)(B) and Fed.R. Civ.P. 72(b). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. section 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Plaintiff has timely filed objections. I have, therefore, given the file of this case a *de novo* review. I adopt the Magistrate's Findings and Recommendation that defendants' motion for summary judgment be granted, plaintiff's motion to defer be denied, and plaintiff's motions to compel and for an extension of time are moot.

## BACKGROUND

In the summer of 1988, plaintiff, who is of Afro–American descent, complained to his supervisors that a white co-worker told

him an offensive racial joke. The co-worker was promptly reprimanded by the supervisors orally and in writing. The co-worker apologized to plaintiff and plaintiff told the supervisors he accepted the apology and the matter was over.

Approximately three months before the joke incident, the director of human resources at Comtek Manufacturing of Oregon, Inc. (Comtek), received complaints that plaintiff was selling drugs in the workplace. After numerous complaints, plaintiff was terminated in February 1989 for allegedly selling drugs and that such activity was creating anxiety and disruption among plaintiff's co-workers.

Plaintiff alleges that he was ultimately terminated because of his retaliatory action against the co-worker telling the racial joke. Judge Juba found that the discharge was based on plaintiff's alleged drug dealing on Comtek's premises and not due to the retaliatory action against the racial joke. I agree.

## DISCUSSION

■ Plaintiff objects to Judge Juba's finding that there is no common law cause of action for wrongful termination where the allegation is retaliatory termination because ORS 659.030(1)(f) provides plaintiff with an adequate remedy. Plaintiff cites *Holien v. Sears, Roebuck and Co.*, 298 Or. 76, 689 P.2d 1292 (1984) for the proposition that when plaintiff's tort claim is not for allegedly discriminatory harassment, but for allegedly being discharged for resisting it, a claim for common law wrongful discharge is proper in addition to statutory claims. In *Holien,* there was no statutory provision granting a remedy for retaliatory discharge. Here, Judge Juba correctly found that ORS 659.030(1)(f) provided an adequate remedy. ORS 659.030(1)(f) reads as follows:

> (1) For the purposes of ORS 659.101 to 659.110, ..., it is an unlawful employment practice:
>
> .   .   .   .   .
>
> (f) For any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because the person has opposed any practices forbidden by this section, ORS 30.670, 30.685, 659.033 and 659.400 to 659.460, or because the person has filed a complaint, testified or assisted in any proceeding under ORS 659.010 to 659.110, 659.400 to 659.460 and 659.505 to 659.545 or to attempt to do so.

Where statutes provide an adequate remedy, Oregon does not recognize an independent tort. *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 352, 563 P.2d 1205 (1977). Plaintiff correctly filed a civil rights complaint with the Oregon Bureau of Labor and Industries in May 1989. Those proceedings were subsequently closed due to plaintiff's failure to cooperate. Therefore, plaintiff has no action for wrongful discharge at common law.

■ Plaintiff next objects to Judge Juba's finding that plaintiff's negligent termination claim should be dismissed. Plaintiff contends that Comtek had a duty to investigate the drug dealing allegations against him. Judge Juba found that plaintiff was an at-will employee who may be discharged at any time, for any reason, unless prohibited by contract, statute, or the United States Constitution. *Sheets v. Knight,* 308 Or. 220, 230, 779 P.2d 1000 (1989). Therefore, due to plaintiff's at-will status, Comtek had no duty to further investigate the allegations against him before termination.

## CONCLUSION

I adopt Judge Juba's Findings and Recommendation and grant defendant's motion for summary judgment (doc. no. 32–1), deny plaintiff's motion to defer (doc. no. 41–2), and find plaintiff's motions to compel (doc. no. 41–3) and for extension of time (doc. no. 41–4) moot.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION

GEORGE E. JUBA, United States Magistrate:

## INTRODUCTION

Plaintiff La Vonne Rice has only his claims for wrongful discharge and negli-

gent termination remaining in this action. Defendants Tektronix, Inc., and its wholly owned subsidiary Comtek Manufacturing of Oregon, Inc., move for summary judgment on these claims. Plaintiff moves to defer ruling on defendants' motion until he conducts further discovery regarding the identity of the confidential informants whose testimony was the alleged basis of defendants' termination of plaintiff's employment. Plaintiff also moves to compel discovery and for an extension of the discovery and PTO deadlines. Plaintiff is a Washington citizen. Defendants are Oregon corporations. This court has diversity jurisdiction. 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff is black. In the summer of 1988, he complained to two of his supervisors, Ronald K. Nelson and Donald Shultz, that a white co-worker, Elwanda Gough, told him an offensive racial joke. Rice, Nelson, Shultz Affidavits. Racial harassment of any kind violates defendants' personnel policies. Hinkle Affidavit, Exh. 2. Consequently, Nelson and Shultz promptly reprimanded Gough orally and in writing. Shultz, Nelson Affidavits. Gough apologized to plaintiff. Plaintiff told Nelson and Shultz he accepted the apology and the matter was over. *Id.*

Beginning in the spring before the joke incident, Rena Mackie, Comtek's director of human resources, received complaints that plaintiff was selling drugs in the workplace. Mackie Affidavit at 1, 2. One of plaintiff's supervisors, Ed Villarreal, also received complaints about plaintiff's drug dealing in the workplace. One complainant, confidential informant # 1 (CI# 1), stated he or she had purchased illegal drugs from plaintiff on a number of occasions and had received offers from plaintiff to provide drugs on other occasions. Hinkle Affidavit at para. 4. CI# 1 also claims to have seen plaintiff exchange drugs for money with others at the workplace. *Id.*

Another confidential informant, CI# 2, claims to have observed plaintiff hand a small packet of white material wrapped in plastic to another employee. *Id.* at para. 2.

CI# 2 reported this incident to Loris Vahl, Comtek's human resources administrator. A third Comtek employee, CI# 3, representing himself or herself and several other employees, approached Mackie about plaintiff's drug dealing and wanted to know why Comtek was not eliminating drug dealing in the workplace. Mackie Affidavit at para. 4.

In addition, plaintiff earned a salary of $17,160 but drove two used BMWs, wore $80 pants and $40 shirts occasionally, had numerous watches valued up to $250, and wore a $100 gold chain. Villareal Affidavit at para 4; Rice Affidavit at 2, 3. Defendants thought plaintiff appeared to be living above his means and this conclusion supported the reports of plaintiff dealing drugs at the workplace. Mackie Affidavit at para. 6. Defendants believed plaintiff received excessive phone calls during work, sometimes ten or twelve a day, but call logs suggest plaintiff never received more than four calls a day. Rice Affidavit at 3, 4. To defendants, this also supported the conclusion plaintiff was dealing illegal drugs at Comtek.

The perceived problem with plaintiff caused anxiety and disruption among Comtek employees, including ill feelings against the company. Mackie Affidavit at para. 6. Subsequently, Mackie had conversations with Nelson, Shultz, and Villareal about the situation. Mackie informed Gale Kingsbury, Comtek's president, about the situation on a regular basis during 1988 and early 1989. In February 1989, Kingsbury and Mackie determined there was ample evidence to conclude that plaintiff dealt drugs on the company's premises. *Id.* at para. 9. This unacceptable behavior, combined with the anxiety and disruption it caused Comtek's employees, led Kingsbury and Mackie to discharge plaintiff on February 20, 1989. *Id.* at 10.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving

party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts about the existence of a factual issue should be resolved against the moving party. *Id.* at 631. The court must view the inferences drawn from the facts in the light most favorable to the nonmoving party. *Id.* at 630–631. However, when the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than would otherwise be required. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## DISCUSSION

1. *Defendants' Motion For Summary Judgment*

A. Wrongful Discharge Claim

■ In Oregon, an employer may discharge an employee, or an employee may quit, at any time and for any reason. *Delaney v. Taco Time Int'l, Inc.,* 297 Or. 10, 14, 681 P.2d 114 (1984). There are exceptions to this rule. *See, e.g., Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975) (discharging employee for taking time for jury duty was tortious). Plaintiff has not shown how an exception to the general rule applies in his situation.

■ Plaintiff alleges defendants terminated him for complaining about the racist behavior of a co-worker. However, defendants began investigating plaintiff's alleged drug dealing activity prior to the joke incident. Mackie Affidavit at 1, 2. Furthermore, defendants have shown they had company policies that strongly condemned racial harassment in the workplace and that encouraged an employee to report racial harassment if he thought it had occurred. Hinkle Affidavit, Exh. 2. Plaintiff's supervisors acted quickly to address the racial remarks of his co-worker. Plaintiff stated he was satisfied with the resolution of the joke incident. All the evidence indicates defendants considered plaintiff's complaint to be appropriate and they did not take the incident into account in deciding to terminate him.

Plaintiff failed to submit any evidence suggesting defendants actions were in any way discriminatory. Instead, he asks me to infer discrimination from the fact defendants continued investigating his alleged drug dealing activities after he lodged his complaint against the co-worker. While all inferences drawn from the facts in a summary judgment motion must favor the nonmoving party, *T.W. Elec. Serv.,* 809 F.2d at 630–31, the "inference" of discrimination plaintiff asks me to make is better described as groundless speculation.

■ When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than would otherwise be required. *Matsushita,* 475 U.S. at 574, 106 S.Ct. at 1348. Plaintiff has not come forward with any evidence of discrimination. Instead, plaintiff attempted to show the unreasonableness of defendants' belief that he was dealing drugs. Even if plaintiff had shown defendants' belief was unreasonable, such a showing would have been immaterial because defendants had the right to fire plaintiff at any time for any reason or no reason at all. *Taco Time Int'l,* 297 Or. at 14, 681 P.2d 114.

■ In addition, it was defendants who fired plaintiff, not his co-workers. Even if one or two of the informants had a grudge against plaintiff as he contends, further discovery about them and their statements to Comtek supervisors is irrelevant because an employer's determination of the facts forming the basis of an employee's dismissal is conclusive. *See Frazier v. Minnesota Mining and Mfg.,* 82 Or.App. 328, 331,

728 P.2d 87 (1986), *rev. denied*, 303 Or. 74, 734 P.2d 354 (1987).

■ Finally, ORS 659.030(1)(f) protects an employee from retaliation for protesting race discrimination. This gives plaintiff a statutory cause of action, not a common law wrongful termination cause of action. Where statutes provide an adequate remedy, Oregon courts do not recognize an independent tort. *Walsh v. Consolidated Freightways, Inc.*, 278 Or. 347, 352, 563 P.2d 1205 (1977) (employee discharged for complaining about unsafe workplace had right to complain, but he could not bring tort claim since federal and state statutes gave him a statutory claim).

There are no genuine issues of material fact. Defendants are entitled to summary judgment as a matter of law on plaintiff's wrongful discharge claim. Fed.R.Civ.P. 56(c).

B. Negligent Termination Claim

In his negligent termination claim plaintiff alleges defendants were negligent in failing investigate plaintiff's activities and in failing to train their managers as investigators. Plaintiff was an at-will employee. An employer may discharge an at-will employee at any time and for any reason, unless prohibited by contract, statute, or the constitution. *Sheets v. Knight*, 308 Or. 220, 230, 779 P.2d 1000 (1989) (citation omitted).

■ Plaintiff alleges defendants had a duty to investigate his activities thoroughly before discharging him. " 'Duty' plays no affirmative part in a plaintiff's case that does not invoke an obligation arising from or defined by a status, relationship, statute, [ordinance], or other legal source outside negligence law itself...." *Donaca v. Curry County*, 303 Or. 30, 734 P.2d 1339 (1987). Plaintiff is unable to show defendants had a duty to investigate based on status, relationship, statute, or contract. Nonetheless, he contends antidiscrimination statutes and defendants' affirmative action policies imply defendants had a duty to investigate the allegations indicating plaintiff dealt drugs. Plaintiff cites no law, and I know of no law, supporting his position. Moreover, I have already dismissed plaintiff's discrimination claims under state and federal law. Order, Findings and Recommendation (Mar. 6, 1990) (docket # 17). Plaintiff cannot now use state and federal antidiscrimination laws for the basis of a duty to investigate.

There are no genuine issues of material fact concerning this claim. Defendants are entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

2. *Plaintiff's Motion to Defer*

■ A party seeking deferment of a summary judgment motion hearing "must demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *United States v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir.1986) (citation and quotation omitted). Plaintiff essentially argues it is not fair to proceed to summary judgment without defendants disclosing the identity of the confidential informants and the specific details each related to defendants. In other words, plaintiff seeks to postpone this hearing to investigate his former employer's drug charges.

Plaintiff does not seek to further develop his allegations of discrimination. As I noted above, plaintiff's efforts along these lines have been misdirected and will not now be encouraged. Motion denied.

In light of my recommending summary judgment and denying plaintiff's motion to defer, plaintiff's motions to compel and for an extension are moot.

CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (# 32–1) should be granted. Plaintiff's motions to defer (# 41–2), compel (# 41–3), and for an extension (# 41–4) are denied.

Dated this 15th day of August, 1990.