**INTERNATIONAL AUTO SALES & SERVICE, INC., Plaintiff,**

v.

**GENERAL TRUCK DRIVERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS, LOCAL UNION NO. 270, Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Defendant.**

Civ. A. No. 68–2030.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Feb. 25, 1970.

314

Michael J. Molony, Jr., Edmund C. Salassi, Robert K. McCalla, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff.

John W. Ormond, Nelson, Ormond & Nelson, New Orleans, La., for defendant.

CASSIBRY, District Judge.

Plaintiff employer sues to vacate and set aside an arbitration award which required reinstatement with back pay of an employee who the defendant Union claimed was discharged without cause. Plaintiff does not question the defendant's contractual right to have the employee's discharge arbitrated, but complains that the arbitrator's award exceeded his authority under the contract. More specifically, the plaintiff contends that certain of the arbitrator's factual conclusions were arbitrary and unsupportable by the evidence; that the award requires the plaintiff to violate safety regulations issued by the Federal Highway Administrator and was therefore contrary to public policy and unenforceable; that the plaintiff has been prevented from lawfully reemploying the discharged employee as a truck driver by the defendant's refusal to permit the employee to undergo the physical examination necessary to meet the Federal Highway Administration Regulations' requirements. I disagree with plaintiff's contentions, deny his motion and grant the motion of defendant to enforce the award.

The guidelines for a district court in deciding matters of this kind are very clear. On the one hand, the arbitrator must interpret and apply the collective bargaining agreement and may not simply dispense his own ideas of what would be right and just under the circumstances. His award is "legitimate

only so long as it draws its essence from the collective bargaining agreement." United Steelworkers of America v. Enterprise, Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Our Circuit has held that an award may not be arbitrary or capricious and must be adequately grounded in the basic collective bargaining contract. International Association of Machinists v. Hayes Corp., 296 F.2d 238 (5th Cir. 1961). On the other hand, it is equally clear that it is not our function to review the merits of an arbitration award. The courts have "no business weighing the merits of the grievance, considering whether there is equity in a particular claim * * *." United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

■ The contract under which this matter rose is typical in this type of industry in that it provides that employees may not be discharged except for cause. Arbitrators have customarily interpreted discharge for cause to mean for some cause not arbitrary or capricious. Some arbitrators have said that this language means that the discharge must be for a "just" cause. The contract goes on to provide for a grievance procedure with binding arbitration as the last step.

■ The employee involved here was discharged from his employment. The defendant filed a grievance claiming the discharge was without cause; the arbitrator agreed and ordered reinstatement. Plaintiff first argues that the arbitrator exceeded his authority by requiring the reemployment of the employee, notwithstanding the employee's physical disabilities. It is claimed that the employer has the exclusive right to prescribe minimum physical qualifications for its truck drivers. There would be some support for such a theory in respect to employees being first employed. On the other hand, there is nothing in the contract which would permit or authorize arbitrary reexamination of employees after they have been employed past the probationary period. This would be particularly true of an employee who had a good employment record, such as the employee involved in this case. But in any event, the parties agreed that the arbitrator would be authorized to determine whether a discharge was for cause, and this arbitrator has held the employee in question was discharged without cause. Indeed, the arbitrator, after hearing the entire matter, stated that not only was the discharge without cause, but it "grew out of the company's desire to (arbitrarily) discharge Mr. D'Alesandro." (the employee). The tenor of the arbitrator's decision is that the plaintiff discharged the employee because he had filed a successful grievance in another phase of his employment.

■ The plaintiff contends further that the arbitrator's factual conclusion that the employee had normal blood pressure was an arbitrary conclusion and unsupported by the evidence. But the law is clear that the arbitrator's findings of fact are conclusive unless they are arbitrary or capricious and are not supported by the evidence. There was substantial evidence to support the arbitrator's finding, not only that the employee's blood pressure was within acceptable limits but that high blood pressure was not the defendant's purpose or reason for denying the employee truck-driver status.

Plaintiff's third ground for reversal of the arbitrator's award is that the decision, in requiring reinstatement of the employee and reassignment to truck-driving duties, would cause the defendant to violate safety regulations issued by the Interstate Commerce Commission. Plaintiff further urges that this would be contrary to public policy and unenforceable. Resolution of this objection requires a review of the facts. The discharged employee in this case became a truck driver for the plaintiff in November of 1966. The employee had had his leg amputated in 1940. Shortly thereafter and until he was discharged by the plaintiff, he had been actively engaged in driving trucks of all descriptions. The fact that he had one leg amputated

below the knee was known to the plaintiff at the time he was employed. In September of 1967, pain developed in the stump of the amputated leg and an operation was performed by a local orthopedic surgeon. On April 8, 1968 the employee had recovered to the extent that the orthopedist reported that there was no reason why he could not continue in his former occupation. When the employee returned to work at the plaintiff's business in November of 1967 he requested that he be permitted to operate small truck equipment in and around the City of New Orleans rather than the heavy over-the-road equipment which he had been operating previous to the trouble with his amputated leg. Shortly thereafter, due to a change in the labor agreement, the employee, discovering that he was going to earn less money in the City driver's position, requested that he be returned to his prior work of driving over-the-road equipment. It was at this time that the plaintiff required that he be examined physically, and it was upon the basis of the report of a doctor that they felt that he was no longer qualified to do the necessary work and was consequently discharged. Under the regulations of the Interstate Commerce Commission or the Federal Agency now administering the safety rules of drivers, a person who has lost a leg does not possess the minimum qualifications to drive a motor vehicle. However, there is a provision in the safety regulations that makes it possible for a person in this employee's physical condition to obtain a waiver of his physical defect and be eligible to drive. The plaintiff in this case did not seek a waiver even though the employee had driven their heavy trucks for a year without any accidents or problems and the condition of his leg was known to them at the time he was employed in that position. Again, the arbitrator found not only that he was physically qualified to meet the Interstate Commerce Commission requirements but that the plaintiff's purpose in requiring this physical was not for the safety of the other employees or the public, but was simply a subterfuge to rid themselves of an employee who they had decided they could best do without. It is enlightening to quote a portion of the arbitrator's findings:

"The evidence shows that a representative of the employer telephoned two doctors and requested that its employee be found not qualified. This contradicts the company's position that it was seeking a medical examination to protect the safety of the public. If it had sincerely been seeking information as to the physical condition of Mr. D'Alesandro it would have done so in November, 1967 when he returned to work and not in April, 1968 when it had just lost a grievance filed by him."

The arbitrator went on to conclude that the plaintiff had an obligation to make a "bona fide effort to secure it [a waiver] for its employee." Thus, I would conclude that the arbitrator's requirement that the employee be reinstated is not arbitrary or capricious and is not contrary to public policy and unenforceable in that it violates any of the safety regulations issued by the Interstate Commerce Commission.

The plaintiff lastly contends that the defendant has prevented the company from lawfully reemploying the employee as a truck driver in compliance with the award and the Interstate Commerce Commission Act by refusing to permit him to undergo further physical examination. In reply to this contention the arbitrator pointed out that the orthopedic surgeon who had done some surgery on the stump of the amputated leg had concluded that the employee could return to his former employment as a truck driver, and that despite the finding of high blood pressure by one doctor, two other doctors at or about the same time had found the employee's blood pressure at an acceptable level. Under these circumstances it would not be unreasonable for the arbitrator to conclude that the employee should not be

required to submit himself for further physical examination.

The labor contract clearly prohibits discharges made for unjust cause or discharges made without cause. The arbitrator exercising the authority implicit in the working agreement has found that the employee in question was not discharged for cause and has ordered his reinstatement. His findings and award were not arbitrary or capricious and his award did not exceed the authority afforded him by the collective bargaining agreement.

Plaintiff's motion to set aside the award is denied.

Defendant's motion to enforce the award is granted.