Argued and submitted April 20, affirmed July 27,
reconsideration denied September 17,
petition for review allowed October 27, 1981 (291 Or 893)

SIMPSON et al,
*Appellants,*

*v.*

WESTERN GRAPHICS CORPORATION,
*Respondent.*

(No. 78-7983, CA 17979)

631 P2d 805

Henry H. Drummonds, Eugene, argued the cause for appellants. With him on the briefs was Kulongoski, Heid, Durham & Drummonds, Eugene.

Arthur C. Johnson, Eugene, argued the cause for respondent. With him on the brief were R. Scott Palmer and Johnson, Harrang, Swanson & Long, Eugene.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a breach of contract case. Plaintiffs were employes of defendant. On November 23, 1977, they were discharged for allegedly making threats of violence against another employe. Plaintiffs brought this action for reinstatement and back pay on the ground that they were wrongfully discharged without just cause, contrary to the provisions of their employer's employee handbook. The trial court found that the plaintiffs' discharge was for just cause and entered judgment for the defendant. The sole issue we must decide is whether the trial court must find that the alleged misconduct *actually occurred* before determining that the employer acted with "just cause."

The trial court entered the following Findings of Fact and Conclusions of Law:

"FINDINGS OF FACT

"1.    Plaintiffs, Susan Simpson and Betty L. Jackson, are residents of the City of Eugene, County of Lane, State of Oregon.

"2.    Defendant Western Graphics Corporation is a corporation organized and existing under the laws of the State of Oregon.

"3.    On November 22, 1976, Plaintiff Simpson and Defendant mutually agreed that Plaintiff Simpson would work for Defendant and that Defendant should employ Plaintiff Simpson.

"4.    On August 15, 1977, Plaintiff Jackson and Defendant mutually agreed that Plaintiff Jackson should work for Defendant and that Defendant should employ Plaintiff Jackson.

"5.    Defendant published and made available to its employees an Employee Handbook which set forth employment conditions including a clause that, '(N)o employee will be discharged without just cause.'

"6.    The provisions of the Employee Handbook constituted, in part, the conditions of employment between the Plaintiffs and Defendant. Plaintiffs duly performed all work required of them by Defendant.

"7.    Plaintiffs were discharged by Defendant on November 23, 1977 through the actions of Jack Youngblood and Mary Ann Kingsley.

"8.    That defendant (1) investigated the facts claimed to be the basis for discharge (alleged threats by plaintiffs

to other employee), (2) notified the plaintiffs of the claimed facts, and (3) afforded the employees an opportunity to present their side.

"9.    Defendant discharged plaintiffs for reasons the defendant, through defendant's agent, reasonably believed [to be] the truth, and defendant made a good faith determination that sufficient cause for discharge existed.

"10.    It was reasonable for defendant's agent to conclude from the employees' responses that the facts ascertained were confirmed. The employer did investigate and determine that evidence of threats existed and reasonably believed the same in good faith.

"11.    The court makes no finding with respect to whether threats (as opposed to statements made in jest) were in fact made and intended to frighten the other employee, because the same is unnecessary to determine the issues herein.

"12.    Plaintiffs have failed to show by a preponderance of the evidence that defendant discharged plaintiffs for the reason of plaintiffs' union activities.

"CONCLUSIONS OF LAW

"1.    To constitute 'just cause,' the employer (or agent of the employer) must make a good faith determination of a sufficient cause for discharge based on facts reasonably believed to be true and not for any arbitrary, capricious, or illegal reason. It is not necessary that the alleged reason for discharge (intentional threats against fellow employee) actually in fact has occurred, but only that the evidence of threats existed which the employer reasonably believed in good faith after an investigation.

"2.    The plaintiffs' discharge was for just cause as defined above.

"* * * * *."

Plaintiffs contend that a trial court must find that the employe is in fact guilty of the alleged misconduct before it can conclude that he or she was discharged for just cause. Plaintiffs' position is that, even if the employer acted in good faith upon facts it reasonably believed to be true, reinstatement should nevertheless be ordered if the grounds relied upon for discharge are found not to be true. Both plaintiffs and defendant discuss the meaning of "cause" in the employment context.

■    Contract language prohibiting discharge "without cause" or "without just cause" is customarily interpreted to

mean that an employer cannot exercise his power to discharge workers arbitrarily. *See* Summers, *Individual Protection Against Unjust Dismissal,* 62 Va. L. Rev. 481, 499-500 (1976). The Vermont Supreme Court summarized the concept as follows:

> "The objective of a just cause clause in a collective bargaining agreement is to remove from the employer the right to fire arbitrarily his employees. Just cause means some substantial shortcoming detrimental to the employer's interests, which the law and a sound public opinion recognize as a good cause for his dismissal. * * *
>
> "The ultimate criterion of just cause is whether the employer acted reasonably in discharging the employee because of misconduct. We hold that a discharge may be upheld as one for 'cause' only if it meets two criteria of reasonableness: one that it is reasonable to discharge employees because of certain conduct, and the other, that the employee had fair notice, express or fairly implied, that such conduct would be ground for discharge." *In Re Brooks,* 135 Vt 563, 382 A2d 204 (1977). (Citations omitted.)

*See also, Carter v. United States,* 407 F2d 1238 (DC Cir 1968); *Trans World Airlines, Inc. v. Beaty,* 402 F Supp 652 (SD New York 1975); *International Auto S & S Inc. v. General Truck Drivers Etc.,* 311 F Supp 313 (ED La. 1970).

In Oregon, the concept of "cause" has arisen in the context of public, not private, employment. In *Thompson v. Secretary of State,* 19 Or App 74, 526 P2d 621, *rev den* (1974), we discussed the meaning of "cause" for discharge in the context of the public employment statutes. ORS 240.560 allowed a state employe who is dismissed, suspended or demoted to appeal his supervisor's action to the Public Employe Relations Board (now the Employment Relations Board (ERB)). ERB must order reinstatement in such cases whenever it finds "that the action was not taken in good faith for cause." ORS 240.560(4). In *Thompson* we stated that cause is

> "* * * cause not constituting arbitrariness * * *. In order to modify or reverse an agency order dismissing or suspending an employe, the Board must * * * find that the action is arbitrary either because the employer has failed to establish facts to support the charges upon which the action is based or because though the charges are supported they constitute no 'cause' upon which a reasonable employer would base the action taken." *Id.,* at 80.

*See also, Phillips v. State Bd. of Higher Ed.,* 7 Or App 588, 592, 490 P2d 1005 (1971), *rev den* (1972).

Unfortunately, these cases are of little relevance. Under the standards articulated above, it is clear that if there were sufficient *facts* to support the public employer's action, then the discharge was reasonable and for cause, if a reasonable employer would have discharged an employe in the circumstances. If the employer did not have a sufficient basis for his action, then the action was arbitrary and not for cause. In this case, involving a private employer, the trial court found that the defendant acted in good faith and *reasonably believed,* given the facts known to it, that the plaintiffs were guilty of the alleged misconduct. Plaintiffs do not contest this finding. The question we must answer is whether, as in the case of public employment, the trial court should have made its own *independent* determination of the facts.

■     In *Fairview Hospital v. Stanton,* 28 Or App 643, 560 P2d 667 (1977), we considered this issue in the case of a state employe appealing his discharge to the Employment Relations Board (ERB). In *Stanton,* we distinguished the two different functions of ERB, *i.e.,* its factfinding authority and its remedial authority. *But see, Brown v. Oregon College of Education,* 52 Or App 251, 628 P2d 410 (1981). With respect to its remedial authority, we reaffirmed the holding of *Thompson v. Secretary of State, supra.* We stated that

"[a]s for remedial authority, * * * [the] ERB [can] only modify disciplinary action taken if it finds that no reasonable employer would have regarded the facts as sufficient for the disciplinary action taken." *Id.,* at 647.

With respect to its factfinding authority, however, we concluded that ERB's role was to make an independent assessment of the facts. Our decision was based on constitutional grounds. Public employment, coupled with job protection, is an entitlement within the meaning of the Fourteenth Amendment that can only be taken away by procedures that satisfy due process standards. *Id.,* at 648. *See also, Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1976). Therefore, ERB's role as primary factfinder was constitutionally mandated.

■■ Private employment is different from public employment. Although a worker may have job protection, as in this case, employment in the private sector does not constitute an entitlement within the meaning of the Fourteenth Amendment's Due Process Clause. *See Bishop v. Wood,* 426 US 341, 344, n 7, 96 S Ct 2074, 48 L Ed 2d 684 (1976). Therefore, an employe is not entitled to make due process claims when seeking court review of his or her discharge from employment. Independent factfinding by the trial court is not required as a matter of constitutional law. Absent constitutional considerations, we doubt that the requirement of an independent factfinder would have become a part of public employment law. We decline to apply it in the private sector, absent a showing that it was the intent of the contracting parties to do so.

Plaintiffs draw our attention to cases where an arbitrator reviews the employer's discharge decision. In those cases the employer had agreed by virtue of a collective bargaining agreement to submit the matter to arbitration. The arbitrator's role is to determine the facts. A trial court reviewing an employer's decision is not in the same position as a labor arbitrator. *See Swanson v. Van Duyn Choc. Shops,* 282 Or 491, 579 P2d 239 (1978).

We conclude that the trial court's findings in this case were sufficient. When reviewing a discharge decision of a private employer in a contract case such as this one, the court need only find that there was substantial evidence to support the employer's decision and that the employer believed that evidence and acted in good faith in discharging the worker. It need not also determine that what the employer believed was true.

Affirmed.