**Ruth H. HEIDECK, Plaintiff Below, Appellant,**

v.

**KENT GENERAL HOSPITAL, INC., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted May 11, 1982.

Decided June 8, 1982.

---

Joseph M. Bernstein (Argued), Wilmington, for appellant.

Peter S. Feliceangeli (Argued) of Twilley, Jones & Feliceangeli, Dover, for appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

Plaintiff appeals from an award of summary judgment for defendant by the Superior Court, contending that the Court erred in granting defendant's Motion for Summary Judgment. More specifically, plaintiff argues that the Superior Court erred in finding that she was an employee at will and that an *Employee Information Booklet* (*Booklet*), issued by defendant, did not alter that status because she presented sufficient evidence on both points to create genuine issues of material fact.

## I

■ We affirm the award of summary judgment. Plaintiff admitted that she was not hired by defendant on the basis of a written contract which set out the terms, conditions or duration of her employment, agreed that defendant never orally promised her employment for a definite length of time, and conceded that she did not consider herself bound to work for defendant for a fixed term of employment. Under these circumstances, the Superior Court's determination that plaintiff was an employee at will was not erroneous as a matter of settled Delaware law. See *Haney v. Laub*, Del.Super. 312 A.2d 330, 332 (1973).

## II

■ Plaintiff's assertion that the Superior Court erred in finding that defendant's *Booklet* did not alter the "at will" status of her employment is, likewise, without merit. This issue is one of first impression in this Court. Other jurisdictions, however, have resolved the question against the employee at will where the booklet has been deemed to be merely a unilateral statement of company policies and where it does not set out a definite term of employment for company employees. See, e.g., *Beidler v. W. R. Grace, Inc.*, E.D.Pa., 461 F.Supp. 1013, 1016 (1978), aff'd, 3d Cir., 609 F.2d 500 (1979); *Terrio v. Millinocket Community Hosp.*, Me.

Supr., 379 A.2d 135, 137–38 (1977); *Johnson v. National Beef Packing Co.*, Kan.Supr., 220 Kan. 52, 551 P.2d 779, 781–82 (1976); *Dickhaus v. Jersey Cent. Power & Light Co.*, N.J.Super.App.Div., No. A–3281–80–T2 (Nov. 13, 1981). The *Booklet* in question here was issued by defendant after plaintiff began her employment. It was a unilateral expression of the defendant's policies and procedures on a number of topics, issued for the guidance and benefit of employees. The *Booklet* does not grant to any employee a specific term of employment and does not, therefore, alter plaintiff's "at will" employment status. No error was committed by the Superior Court in awarding summary judgment for defendant.

### III

Although our holding above obviates the need for further discussion, we note that even if the *Booklet* did alter plaintiff's "at will" employment status and control her discharge, the defendant terminated plaintiff's employment in accordance with the *Booklet's* provisions. The *Booklet* provided that employees were subject to dismissal for serious "Category I" offenses and listed several examples of the kinds of offenses that defendant considered to be included in Category I. The examples cited were not inclusive, but illustrative; hence, the fact that plaintiff's offense—failing to heed a patient's plea for privacy while using a bedside commode—was not explicitly listed as a Category I offense is of no consequence. Defendant hospital could rightly consider plaintiff's offense as a Category I infraction and dismiss her in good faith accordingly. See *Simpson v. West Graphics Corp.*, Or.App., 53 Or.App. 205, 631 P.2d 805, 808 (1981).

The Superior Court's award of summary judgment to defendant is

AFFIRMED.