Tschaka W. FORTT, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 543, 1999.

Supreme Court of Delaware.

Submitted: Nov. 21, 2000.

Decided: Dec. 19, 2000.

Raymond M. Radulski, Esquire, Assistant Public Defender, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Kim Ayvazian, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, for Appellee.

Before VEASEY, Chief Justice, WALSH and STEELE, Justices.

PER CURIAM:

In this appeal from the Superior Court, the appellant contends that his convictions for drug trafficking and possession with intent to deliver drugs are not supported by sufficient evidence and in any event constitute violations of the double jeopardy clause of the Delaware Constitution. We find no merit in either contention and accordingly affirm the convictions.

I

In October 1999, the New Castle County Police Department conducted an investigation into the distribution of cocaine in the course of which they encountered the appellant, Tschaka W. Fortt ("Fortt"). A search of Fortt revealed that he had $1,640 in his front pants pocket, which Fortt claimed to have saved from his employment. Fortt was advised of his *Miranda* rights and initially denied selling illegal drugs. Then, after hearing the police discuss the securing of a search warrant for his apartment, he asked the police whether it would be possible to go to the apartment with the police, show them the "stuff" and simply flush it down the toilet. The police indicated this was not acceptable. Ultimately, the police secured a search warrant for Fortt's apartment and discovered six large bags and three smaller bags of cocaine in the freezer section of the refrigerator. The total weight of the cocaine was 11.03 grams.[1] The police also seized

1. Under Delaware law, actual or constructive   possession of 5 grams or more of cocaine

scales and packing materials. Fortt later told police he had been selling an ounce of cocaine each week to finance his college education. In the apartment police also found a bill for electric service for 143 Chestnut Crossing Drive, Unit I, listing Fortt as the customer.

At the conclusion of the State's case, Fortt unsuccessfully moved for judgment of acquittal on the ground that the State had failed to show that he had exclusive dominion and control of the drugs found in his apartment. He repeats that contention here, asserting in effect that the State failed, as a matter of law, to establish a sufficient nexus between him and the drugs later seized in the apartment.

■ We agree with the trial judge, however, that, affording the State the benefit of the usual inferences, there was a sufficient evidentiary "nexus" to establish constructive possession. Fortt's offer to accompany the police to the apartment to "flush" the drugs coupled with the electric service bill in his name is sufficient circumstantial evidence to support constructive possession. *See Hoey v. State,* Del.Supr., 689 A.2d 1177, 1181 (1997); *McNulty v. State,* Del.Supr., 655 A.2d 1214, 1217 (1995). We conclude that the trial judge correctly denied Fortt's motion for judgment of acquittal and properly determined that the State had established a *prima facie* case of cocaine trafficking and possession with intent to deliver cocaine.

## II

■ Fortt's second ground for appeal rests upon events that occurred after his arrest, but before his Superior Court convictions. On February 10, 1998, a grand jury in the United States District Court for the District of Delaware indicted Fortt on charges of conspiracy to distribute cocaine, use of a firearm and distribution of cocaine, offenses allegedly occurring from September 17 to September 18, 1997. On September 24, 1998, the District Court

sentenced Fortt on a charge of conspiracy to distribute cocaine. In sentencing Fortt, the District Court, applying Federal Sentencing Guidelines, took into consideration, as "relevant conduct," the seizure of drugs from Fortt's apartment which formed the basis for the latter tried State charges. This "relevant conduct" was applied to enhance Fortt's federal sentence.

The day before his Superior Court trial was to begin, Fortt filed a motion to dismiss the State charges on the ground of double jeopardy arguing, in effect, that to the extent the District Court enhanced his sentence based on the October, 1997 drug possession charges, he had already been punished for that conduct. The Superior Court initially denied the motion as untimely, with leave to renew it post-trial in the event of a conviction. When the motion was renewed post-trial, the Superior Court denied the motion on the merits. The trial court relied upon *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), in which the United States Supreme Court ruled that sentence enhancement based on relevant conduct did not create jeopardy barring later prosecution of such relevant conduct. The Superior Court concluded that since the Delaware constitutional provision on double jeopardy mirrors the Federal Constitutional standard, *Witte* was controlling.

In *Witte,* the Supreme Court faced the same contentions made here. In sentencing the defendant on drug related charges, a federal district court had taken into account other drug related conduct for which the defendant was subsequently indicted by a federal grand jury. *Witte* sought to dismiss the second federal indictment arguing that he had already been punished for that conduct through the sentence enhancement of his earlier sentence. The Supreme Court ruled that the application of the Sentencing Guidelines does not implicate the federal double jeopardy clause because a sentencing court may properly

permits conviction of "trafficking in cocaine." 16 *Del. C.* § 4753A(a)(2).

take into consideration the character of a defendant. The court noted that "[a] defendant has not been 'punished' any more for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines than when a pre-Guidelines court, in its discretion, took similar uncharged conduct into account." 515 U.S. at 401, 115 S.Ct. 2199.

While we agree with the Supreme Court's analysis of the effect of enhancement under the Federal Sentencing Guidelines, we do not find it necessary to determine whether the double jeopardy clause of the Delaware Constitution is a mirror image of the United States Constitution for all purposes and in all contexts.[2] The holding in *Witte* was directed to a subsequent federal prosecution, not to a prosecution under a state statute setting forth different elements of proof. Moreover, if the character of the defendant, subject to scrutiny as "relevant conduct," may include both charged and uncharged conduct, the subsequent adjudication of that conduct in a judicial proceeding creates no punishment additional to that which may be imposed initially. *Witte's* analysis is persuasive as a matter of logic and common sense and finds application in a State law setting without the necessity to subscribe to a mirror image analogy. Delaware's double jeopardy clause has its roots in the common law. *See Bailey v. State,* Del.Supr., 521 A.2d 1069, 1074 (1987). While the analysis may be the same under either the federal or state provision, Delaware's distinct common law roots developed prior to the adoption of the Fifth Amendment of the Federal constitution do not preclude a separate analysis in given circumstances without reference to the federal counterpart. *See State v. Norris,* Ct. Gen. Ses., 73 A.2d 790 (1950).

In sum, we affirm the Superior Court's rejection of Fortt's motion to dismiss under the double jeopardy clause of the State Constitution under the circumstances of this case. We expressly refrain from adopting a mirror image analysis for all future purposes.

The judgment of the Superior Court is AFFIRMED.

2. In language, the two clauses are strikingly similar. The Delaware Constitution provides: "[N]o person shall be for the same offense twice put in jeopardy of life and limb." Del. Const., art. I, § 8. The Federal counterpart reads: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const., amend. V.