**Steven BAILEY, Plaintiff Below, Appellant,**

v.

**CITY OF WILMINGTON, a municipal corporation, Defendant Below, Appellee.**

**No. 21, 2000.**

Supreme Court of Delaware.

Submitted: Oct. 17, 2000.
Decided: Jan. 5, 2001.
Reargument Denied March 5, 2001.

---

Jeffrey M. Weiner, Esquire, Wilmington, Delaware, Attorney for Appellant.

Seth J. Reidenberg, Esquire, Assistant City Solicitor, Wilmington, Delaware, Attorney for Appellee.

Before VEASEY, Chief Justice, WALSH and HOLLAND, Justices.

PER CURIAM.

This appeal presents primarily two issues: (1) Whether there is a genuine issue of material fact concerning an alleged breach of the implied covenant of good faith and fair dealing by the City of Wilmington and (2) whether a federal court's dismissal of due process claims bars the relitigation of identical claims in Delaware courts under the doctrine of *res judicata.* We find that there is no issue of material fact precluding summary judgment and that the Superior Court properly granted the City's motion for summary judgment. In so ruling, we decline to address whether due process rights under the Delaware and the federal constitutions are identical.

### Facts

On September 27, 1995, William Holley filed complaints with the Wilmington Police Department alleging that Steven Bailey, a Wilmington police officer, had physically attacked Holley while he was in police custody after arrests on January 15, 1995 and September 26, 1995. Based on Holley's complaints, the Wilmington Police Department Office of Professional Standards ("OPS") brought administrative charges against Bailey for violating several City of Wilmington Police Department regulations. Following hearings before the Complaint Hearing Board and the Appeals Board, Bailey was suspended and eventually terminated. The Superior Court then denied Bailey's petition for writ of certiorari from the decision of the Appeals Board.[1]

In response to his termination, Bailey filed a complaint against the City of Wil-

mington in the United States District Court for the District of Delaware. The complaint asserted that: (1) the City deprived him of his rights to due process and equal protection,[2] (2) the City breached its implied covenant of good faith and fair dealing in its disciplinary procedures, and (3) the City acted knowingly, recklessly, and negligently in its investigation, suspension, and termination of Bailey.

Bailey then filed identical claims in the Superior Court, which stayed the proceedings until final disposition in the District Court. The District Court granted the City's motion for summary judgment and dismissed Bailey's claims.[3] The Superior Court then vacated its stay, and the City filed a motion for summary judgment seeking the dismissal of Bailey's three claims. After a hearing on September 15, 1999, the court orally granted summary judgment for the City on the federal due process claim, the implied covenant of good faith and fair dealing claim, and the negligence claim. The court ordered supplemental briefing concerning the remaining Delaware procedural due process claim. The Superior Court eventually dismissed the remaining state due process claim on the ground that it was barred by the doctrine of *res judicata.*[4]

### Standard of Review

This Court reviews *de novo* the Superior Court's decision to grant summary judgment under Superior Court Civil Rule 56(b).[5] Like the Superior Court, we view the evidence in the light most favorable to the non-moving party, and we will affirm

1. *See Bailey v. Wilmington Dep't of Police,* C.A. No. 96A–05–008–RRC, Cooch, J., 1996 WL 658997 (Sept. 30, 1996) (ORDER).

2. Specifically, Bailey asserted that he was denied due process of law under (1) the Fifth and Fourteenth Amendments to the United States Constitution, (2) Article I, § 7 of the Delaware Constitution, and (3) the Delaware Law–Enforcement Officers' Bill of Rights, Chapter 92 of Title 11 of the Delaware Code.

3. *See Bailey v. City of Wilmington,* D.Del., C.A. No.96–264, Schwartz, J., 1997 WL 736885 (Nov. 19, 1997) (Mem.Op.), *aff'd* 3d Cir., C.A. No. 98–7009, 173 F.3d 420, Nygaard, J. (Dec. 22, 1998).

4. *See Bailey v. City of Wilmington,* Del.Super., C.A. No. 97C–12–87, Cooch, J., 1999 WL 1442006 (Dec. 22, 1999) (Mem.Op.).

5. *See Merrill v. Crothall–American, Inc.,* Del. Supr., 606 A.2d 96, 99–100 (1992).

the Superior Court's decision if there are no material factual disputes and the moving party is entitled to judgment as a matter of law.[6]

### Implied Covenant of Good Faith and Fair Dealing

Bailey first contends that there is a material factual dispute whether the City acted in bad faith during the administrative proceedings leading to Bailey's suspension and termination. He argues that these actions breached his employment contract with the City because they constitute a breach of the implied covenant of good faith and fair dealing.

■ As a general rule, Delaware law creates a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature with duration indefinite."[7] We have identified four primary situations in which an employer's authority to terminate an employee is limited by the implied covenant of good faith and fair dealing: (1) where the employee's termination violates public policy, (2) where the employer misrepresents an important fact and the employee relies on it when deciding to accept a new position or to remain at a present one, (3) where the employer uses its superior bargaining power to deprive an employee of identifiable compensation related to an employee's past service, and (4) where an employer through deceit, fraud, and misrepresentation manipulates the record "to create fictitious grounds to terminate employment."[8] In the present case, Bailey alleges that the City, through fraud, deceit and misrepresentation, attempted to manipulate the record in order to terminate his employment.[9]

■ Even if viewed in the light most favorable to Bailey, these allegations do not suggest that the City breached the implied covenant of good faith and fair dealing by falsifying or manipulating the record to create fictitious grounds to terminate Bailey's employment. The City terminated Bailey's employment after the Complaint Hearing Board found that Bailey had violated department regulations in connection with Holley's arrest and after the Appeal Board affirmed this determination. In short, Bailey has not alleged that the *grounds* of his dismissal were fictitious or fraudulent; rather, he has alleged that the *procedure* followed by the department was improper. The alleged procedural defects, even if accepted by the jury, however, cannot "supply the 'aspect of fraud, deceit or misrepresentation' to support a jury finding" that the City breached the implied covenant of good faith and fair dealing.[10] Because Bailey failed to raise an issue of material fact on this claim, the

6. *Id.* at 99.

7. *Merrill*, 606 A.2d at 102 (citing *Heideck v. Kent Gen. Hosp., Inc.*, Del.Supr., 446 A.2d 1095, 1096 (1982)); *see also E.I. DuPont de Nemours & Co. v. Pressman*, Del.Supr., 679 A.2d 436, 440–42 (1996).

8. *Pressman*, 679 A.2d at 443–44; *see also Merrill*, 606 A.2d at 101 ("We therefore hold that every employment contract made under the laws of this State, consonant with general principles of contract law, includes an implied covenant of good faith and fair dealing.").

9. In particular, Bailey alleges that: (1) the City did not select the Complaint Hearing Board at random, (2) the City concealed the date its internal investigation concluded and the date of Bailey's initial hearing before the Complaint Hearing Board, (3) the City improperly removed a member from Bailey's initial Complaint Hearing Board, (4) the City did not select a replacement at random as required by its rules, (5) the City concealed the potential prejudice of the replacement board member, (6) the City overlooked an impartial candidate when selecting a replacement board member, (7) the City concealed the availability of Bailey's former partner, who was a witness to Holley's January 15, 1995 arrest, and (8) the City concealed the prior unsubstantiated complaints filed by Holley.

10. *Merrill*, 606 A.2d at 102; *see also id.* at 101 (endorsing the view that the employer's conduct must be deceitful or fraudulent to constitute a breach of the implied covenant of good faith).

Superior Court was correct to grant the City's motion for summary judgment.

### The Doctrine of Res Judicata

Bailey next argues that the Superior Court erroneously granted the City's motion for summary judgment on his Delaware procedural due process claim. Applying the doctrine of *res judicata*, the Superior Court found that Bailey's due process claim was barred by the District Court's finding that the City did not deprive Bailey of his right to due process under the Fifth and Fourteenth Amendments.[11]

■ Under Delaware law, a party claiming that the doctrine of *res judicata* bars a subsequent action must demonstrate the presence of five elements: (1) the court making the prior adjudication had jurisdiction, (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, (3) the cause of action must be the same in both cases or the issues decided in the prior action must be the same as those raised in the present case, (4) the issues in the prior action must be decided adversely to the plaintiff's contentions in the instant case, and (5) the prior adjudication must be final.[12]

■ In the present case, the sole dispute centers on whether the issues presented in the District Court were substantially the same as those presented in the Superior Court action. The Superior Court found that the District Court applied substantially the same due process analysis that the Superior Court would have applied.[13] We find that the Superior Court's reasoning is correct as a matter of law. As a consequence, Bailey's procedural due process claims under the Delaware Constitution are barred by *res judicata*. In so ruling, we express no opinion on whether due process rights under the Delaware Constitution are identical to those under the federal constitution in all situations.[14]

### Conclusion

Because we find that the Superior Court properly granted the City's motion for summary judgment on Bailey's contract and procedural due process claims, the decision of the Superior Court is affirmed.

11. *See Bailey v. City of Wilmington*, Del.Super., C.A. No. 97C–12–87, Cooch, J., 1999 WL 1442006 (Dec. 22, 1999) (Mem.Op.), Mem. Op. at 5–7. The district court decided this issue in the context of Bailey's federal civil rights claim under 42 U.S.C. § 1983. *See Bailey v. City of Wilmington*, D.Del., C.A. No.96–264, Schwartz, J., 1997 WL 736885 (Nov. 19, 1997) (Mem.Op.), Mem. Op. at 15–16.

12. See *Hughes v. Trans World Airlines, Inc.*, Del.Supr., 336 A.2d 572, 574 (1975); *Playtex Family Prod., Inc. v. St. Paul Surplus Lines Ins. Co.*, Del.Super., 564 A.2d 681, 683 (1989); *see also* Restatement of Judgments § 49 (1942).

13. *See Bailey*, Mem. Op. at 7 ("This Court is satisfied that the ruling made by the United States District Court in Plaintiff's first filed action is consistent with how this Court would apply the holding of *Monell* to a state due process claim.").

14. *Cf. Fortt v. State*, Del.Supr., 766 A.2d 475, No. 543, 1999 (Dec. 19, 2000) (Per Curiam) ("While the analysis may be the same under either the federal or state [double jeopardy] provision, Delaware's distinct common law roots developed prior to the adoption of the Fifth Amendment of the Federal constitution do not preclude a separate analysis in given circumstances without reference to the federal counterpart.") (citing *State v. Norris*, Ct. Gen. Ses., 73 A.2d 790 (1950)); *Lolly v. State*, Del.Supr., 611 A.2d 956, 959–60 (1992) (declining to follow federal due process cases and holding that bad faith by the police in preserving exculpatory evidence is not a prerequisite to finding a lack of due process under the Delaware Constitution or the federal constitution).