**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY HUTTON, | No. 10-36135 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-03090-CL |
| v. | |
| JACKSON COUNTY, a political subdivision of the state of Oregon; JOHN VIAL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted March 9, 2012
Portland, Oregon

Before: W. FLETCHER, FISHER and BYBEE, Circuit Judges.

Appellant Randy Hutton appeals the district court's order granting summary

judgment to his employer, Jackson County, on Hutton's claim for breach of

contract. We affirm. Even assuming Hutton had an employment contract with the

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

County providing that he could only be fired for cause, the record shows that the County had good cause to discharge him.

Hutton is not a civil service employee whose termination would be subject to procedural due process requirements. *See Papadopoulos v. Or. State Bd. of Higher Educ.*, 511 P.2d 854, 870-72 (Or. App. 1973). Accordingly, we review the County's action under the standard set forth in *Simpson v. Western Graphics Corp.*, 631 P.2d 805 (Or. App. 1981), *aff'd* 643 P.2d 1276 (Or. 1982). Under this standard, a reviewing court "need only find that there was substantial evidence to support the employer's decision and that the employer believed that evidence and acted in good faith in discharging the worker." *Id.* at 808.

It is undisputed that Hutton received multiple reprimands for violating the County's vehicle policy and that he took firewood from a County park for personal use at his home without permission. These undisputed facts constitute substantial evidence supporting the County's decision. Hutton does not dispute that the County believed the evidence. To the extent he contends the County's reliance on these incidents is mere pretext, Hutton failed to set forth facts from which a reasonable jury could conclude that the County acted in bad faith.

**AFFIRMED**.

2