**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2835
_____

JENNIFER MURPHY,
                                        Appellant

v.

CITY OF LEWES; PAUL ECKRICH; JEFFERY HORVATH;
JAMES L. FORD, III; THEODORE W. BECKER; VICTOR LETONOFF;
FRED W. BEAUFAIT; BONNY OSLER; LIEUTENANT JAMES AZATO
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No. 1:13-cv-01048)
District Judge: Hon. Richard G. Andrews
_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2015
_____

Before: FISHER, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: June 9, 2015)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Jennifer Murphy contends that she was entitled to a hearing pursuant to the Due Process Clause before being terminated as an employee of the city of Lewes, Delaware ("Lewes"). The District Court held that Murphy lacked a property interest in her employment and thus was not entitled to such a hearing and dismissed her Amended Complaint. We will affirm.

I

We draw the following facts from Murphy's Amended Complaint, accepting them as true in accordance with our standard of review. Lewes hired Murphy as a secretary on June 12, 1998. From June 23, 2009, Murphy was subject to the Lewes "personnel policy" (the "Policy"). App. 31. Murphy acknowledged "receipt" of the Policy, which stated that the Policy "is intended as a guide" for employees. App. 65. Murphy also acknowledged: "I . . . understand that my employment relationship with [Lewes] is an at-will relationship and I may choose to end the employment relationship at any time, just as [Lewes] may end the employment relationship at any time." Id.

The Policy sets forth Lewes's expectations for its employees, including that they obey all laws, ordinances, and policies, and "be free from the influence of drugs . . . while they are on duty" (generally, the "drug rules"). App. 57. The Policy notifies employees that they are subject to disciplinary action up to dismissal for noncompliance, which is the maximum discipline for violation of the drug rules. Specifically, Section 6-1(B)(8), the Policy's "Disciplinary Action" section, provides that "any employee may be

2

dismissed for . . . misconduct . . . in the opinion of the City Manager when, given the nature of the offense, other personnel actions would be inappropriate," and states that being under the influence of drugs while on duty provides "cause for dismissal." App. 60-62. The Policy sets a minimum punishment for violation of the drug rules. Section 4-14(D)(3)(c), the "Substance Abuse" section, provides that "[e]mployees who have a verified first time positive result for illegal drugs will be suspended for thirty (30) days without pay, counseled and given the opportunity to enter a treatment program at their own expense," and that "[r]efusal to enter treatment will be grounds for immediate dismissal." App. 57, 59.

The Policy also provides that, before taking disciplinary action, Lewes must provide the employee notice of the type of discipline being considered, the reason for it, and an opportunity for the employee to provide facts and to discuss the proposed discipline. Thereafter, the employee is to be provided a written decision and an opportunity to appeal.

In August 2012, Murphy underwent a random drug screening that produced a positive result, and she was "suspended . . . and put on administrative leave" without an opportunity for counseling, treatment, or a hearing. App. 34. Following a meeting of the Lewes Town Council,[1] Murphy's employment was terminated on September 10, 2012.

Murphy filed an Amended Complaint against Lewes and eight individual defendants (collectively, "Defendants"), alleging, among other things, that she was

---

[1] Murphy does not allege whether she received notice of this meeting.

deprived of her right to due process under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.[2]  The District Court granted Defendants' motion to dismiss, reasoning that neither Delaware law nor the Policy gave Murphy a property interest in continued employment with Lewes such that she was entitled to pre-termination due process. Murphy appeals.[3]

II

The Fourteenth Amendment prohibits deprivations of "property, without due process of law."  U.S. Const. amend. XIV, § 1.  Murphy's constitutional claim turns on whether "she possessed a property interest in her job that was deserving of due process protection."  Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005).  Such a property interest must be something "more than a unilateral expectation of continued employment;" rather, it must take the form of "a legitimate entitlement to such continued employment."  Id. (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)).  Such a "legitimate entitlement" may be the product of state law, id., or of other "rules or mutually explicit understandings," Perry v. Sindermann, 408 U.S. 593, 601 (1972).

---

[2] The other counts of the Amended Complaint were voluntarily dismissed.

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's grant of Defendants' motion to dismiss, accepting the facts alleged in the Amended Complaint as true.  Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 350 (3d Cir. 2012).

Murphy lacked a property interest in continued employment under the Fourteenth Amendment, as neither Delaware law nor the Policy creates a legitimate entitlement to continued employment. Under Delaware law, there is "a heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature with duration indefinite." Bailey v. City of Wilmington, 766 A.2d 477, 480 (Del. 2001) (internal quotation marks omitted). Here, Murphy was explicitly told in connection with her receipt of the Policy that her employment was "at-will," App. 65, and nothing in the Policy itself contradicts this. See Heideck v. Kent Gen. Hosp., Inc., 446 A.2d 1095, 1097 (Del. 1982) (rejecting argument that "Employee Information Booklet" altered at-will employment relationship where the Booklet "was a unilateral expression of the defendant's policies and procedures" and did "not grant to any employee a specific term of employment"). Lewes unilaterally issued the Policy for the guidance and benefit of its employees. Nothing therein granted a term of employment and thus it did not "alter [Murphy's] 'at-will' employment status." Id. Thus, because "as a matter of state law [Murphy] held [her] position at the will and pleasure of [Lewes,] . . . [s]he had no property interest" in her position sufficient to entitle her to due process. Bishop v. Wood, 426 U.S. 341, 345 n.8 (1976) (internal quotation marks and emphasis omitted).

Furthermore, the Policy's inclusion of a notice and hearing procedure did not create a property interest. While it set forth a process for taking disciplinary action, it did not curtail Lewes's right to take such action. Moreover, although the Policy included a minimum disciplinary sanction for a positive drug test that is less than termination, the

5

Policy also made clear that Lewes reserved the right to terminate the employee. Finally, Murphy's allegation that, "[u]pon information and belief," "no employee of . . . Lewes has been involuntarily terminated without the procedures" set forth in Section 6.1 of the Policy, App. 34, does not undermine the at-will nature of her employment. Even if procedural protection was normally afforded to Lewes employees, this Court has explained that, "[w]here the substantive standards for employee discharge are ambiguous," the existence of "procedural protections" granted to government employees "may shed light on the intention of the legislature concerning these standards." Blanding v. Pa. State Police, 12 F.3d 1303, 1306 n.2 (3d Cir. 1993). But the nature of the employment relationship here and the standards governing it are not ambiguous. Murphy was an at-will employee and subject to discharge even without cause.

Because Murphy's allegations do not overcome the record showing that she was an at-will employee, the District Court appropriately concluded she had no property interest triggering a due process right and correctly dismissed her § 1983 claim.

III

For the foregoing reasons, we will affirm the judgment of the District Court.

6