IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK JACKSON, | § | |
| | § | |
| Plaintiff Below, | § | No. 366, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | |
| THE DOW CHEMICAL | § | C.A. No. N14C-01-030 |
| COMPANY, ROHM AND HAAS | § | |
| COMPANY, ROHM AND HAAS | § | |
| BENEFITS ADMINISRATIVE | § | |
| COMMITTEE, RAJ L. GUPTA, | § | |
| PIERRE R. BRONDEAU, | § | |
| JACQUES M. CROISETIERE, | § | |
| ROBERT A. LONERGAN, ELLEN | § | |
| FRIEDELL, ROYCE WARRICK, | § | |
| JANE GREENETZ, DEANNA | § | |
| MAY, CYNTHIA MAZER, | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| RICHARD QUINLAN, SEAN B, | § | |
| MCSWEENEY, MICHAEL | § | |
| MILLER, NANCY MAYO, LORA | § | |
| HAMLIN, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: December 4, 2015
Decided: February 8, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

# **O R D E R**

This 8th day of February 2016, after careful consideration of the parties'
briefs and the record on appeal, we find it evident that the Superior Court's

judgment should be affirmed on the basis of its June 12, 2015 order dismissing the complaint and its July 15, 2015 order denying the motion for leave to amend the complaint or modify the judgment of dismissal. Contrary to the argument of the appellant, attachment of decisions and filings from other cases brought by him against the appellees and charts based upon those filings did not require conversion of the motions to dismiss into motions for summary judgment.[1] As to the appellant's contention that the Superior Court should have applied Pennsylvania *res judicata* law rather than Delaware *res judicata* law, the appellant fails to show a conflict between Delaware and Pennsylvania law that would produce a different result under Pennsylvania law.[2] As to the appellant's contention that the Superior Court should have considered his motion for leave to amend the complaint or modify the judgment of dismissal under Superior Court Civil Rule 15 instead of Rule 59, the appellant cites no relevant authority to support the proposition that such a motion filed after the dismissal of a complaint with prejudice should be

---

[1] *See, e.g.*, *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 172 (Del. 2006) (on motion to dismiss "trial court may also take judicial notice of matters that are not subject to reasonable dispute").

[2] *Compare Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. 2001) (listing requirements of *res judicata* as "(1) the court making the prior adjudication had jurisdiction, (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, (3) the cause of action must be the same in both cases or the issues decided in the prior action must be the same as those raised in the present case, (4) the issues in the prior action must be decided adversely to the plaintiff's contentions in the instant case, and (5) the prior adjudication must be final"), *with City of Pittsburgh v. Zoning Bd. of Adjustment of City of Pittsburgh*, 559 A.2d 896, 901 (Pa. 1989) (application of *res judicata* requires identity of the thing sued for, identify of the cause of action, identity of persons and parties to the action, and identify of the quality or capacity in the persons for or against whom the claim is made).

2

considered under Rule 15. In any event, amendment would be futile because the proposed amended complaint would also be subject to dismissal on the basis of *res judicata*. Finally, in light of our affirmance of the dismissal of the complaint, it is not necessary to address the appellant's claim that the Superior Court erred in denying his motion for service of the complaint upon the Rohm and Haas Benefits Administrative Committee.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice