**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2109
_____

DAVID Q. WEBB,
                              Appellant

v.

CITY OF WILMINGTON, Government; NEW CASTLE COUNTY, Government;
MICHAEL S. PURZYCKI, Mayor; ROBERT M. GOFF, City Solicitor; J. BRETT
TAYLOR, Director of Finance; MATTHEW MEYER, County Executive; WILSON
DAVIS, County Attorney; CIRO POPPITI, Register of Wills; VIRGINIA O. GOKOOL,
Chief Deputy; ESTATE OF JOHN L. WEBB; ESTATE OF MARY E. WEBB; COLIN
AVERY WEBB; STEVEN LOMOTTE WEBB; JOANN PAMELA WEBB-JACKSON;
ESTATE OF RICHARD GARY WEBB; KEITH BRYAN WEBB; TERRENCE
AVERY WEBB; ATTORNEY TIFFANY QUELL, Friedman/Roeberg, Moore,
Friedman, P.A.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-21-cv-01824)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

**PER CURIAM**

David Webb appeals pro se from an order of the United States District Court for the District of Delaware dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the following reasons, we will affirm.

I.

Since 2010, Webb has been involved in litigation concerning the estate of his father, who died intestate.  Initially, Webb was excluded as "next-of-kin" in the petition to initiate the probate process, and his half-siblings disputed that the decedent was Webb's biological father.  After the Delaware Court of Chancery concluded that Webb was presumptively an heir of the decedent, the probate proceedings resumed, and Webb filed numerous petitions and interlocutory appeals in state court, as well as a pro se complaint in the District Court.  See Webb v. Poppiti, No. 13-1321-RGA, 2013 WL 5701051 (D. Del. 2013).  The outcome, if any, of the probate proceedings is unclear.

In 2021, Webb filed another pro se complaint in the District Court, alleging that numerous city and county governments and officials discriminated against him on the basis of race, color, and national origin in facilitating the Sheriff's Sale of a piece of real property belonging to his father's estate.  He further alleged that his half-siblings, their attorney, and the Register of Wills committed fraud on the court during the probate

constitute binding precedent.

proceedings and failed to ensure that the estate was timely probated. The complaint seeks money damages for these alleged wrongs. Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed the complaint sua sponte for failure to state a claim, concluding that Webb's claims were barred by the Rooker-Feldman doctrine and, alternatively, were insufficiently pleaded. Webb timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the sua sponte dismissal of a complaint under § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020); see also Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising de novo review over district court's invocation of the Rooker-Feldman doctrine). We construe Appellants' pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.

Although we disagree with the District Court's conclusion that it lacked subject matter jurisdiction over Webb's claims, we agree with its dismissal of the complaint. The Rooker-Feldman doctrine precludes federal court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This narrow doctrine is limited to claims where the complained-of injury stems

3

directly from a state court proceeding.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010).  To the extent that Webb seeks monetary damages based on the allegedly illegal Sheriff's Sale, Rooker-Feldman does not deprive the District Court of jurisdiction because both the complaint and the state court docket indicate that Webb was not a party to that action.  See Lance v. Dennis, 546 U.S. 459, 464-65 (2006).  Webb's remaining claims alleging fraud on the court and failure to timely resolve the probate process relate to and seek damages from harm caused by defendants during litigation, not any state court judgment, and dismissal for lack of jurisdiction was accordingly inappropriate.  See Great W. Mining, 615 F.3d at 167.

Nevertheless, Webb has failed to allege facts sufficient to state claims upon which relief can be granted.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Specifically, Webb's allegations related to his 42 U.S.C. § 1983 claims are conclusory and contain no facts from which it can be inferred that defendants intentionally discriminated against him in violation of Title VI.  See Pace Resources, Inc. v. Shrewsbury Township., 808 F.3d 1023, 1035 (3d Cir. 1987).  The same is true for Webb's claims that the Sheriff's Sale violated his First, Fourth, and Fourteenth Amendment rights.  Webb has also failed to sufficiently state his claims of fraud on the court inasmuch as he has not alleged facts sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) (holding that the "demanding standard" for alleging a fraud upon the court

4

claim requires "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court"). Additionally, Webb has invoked no federally cognizable cause of action based on the timeliness of the resolution of the decedent's probate proceedings. Further, Webb has already brought that claim against defendants Popitti and Gokool, see Webb v. Poppiti, 2013 WL 5701051, at *2, and it is accordingly barred, as to those defendants, by issue preclusion. See Bailey v. City of Wilmington, 766 A.2d 477, 481 (Del. 2001).

Given the complaint's deficiencies, we conclude that the District Court did not abuse its discretion is dismissing the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the order of the District Court.