IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WEIH STEVE CHANG, individually, :
d.b.a. Informatics in a Box, Inc., a : C.A. No: K16C-07-020 RBY
Delaware Corporation, as guardian for : In and For Kent County
Max Chang, Matthew Change, Julia Chang, :
 :
as *prochain ami*, Next Friend, or *loco* :
*parentis* for other similarly situated minors, :
 :
including Wayne R. Averill, Inmate :
SBI#303649, :
 :
    Plaintiffs, :
 :
  v. :
 :
CHILDREN'S ADVOCACY CENTER OF :
DELAWARE, INC., a Delaware :
Corporation, RANDALL WILLIAMS, :
ALLAN DEJONG, M.D., J. CARLTON :
GARTNER, M.D., EDWARD WOOMER, :
NEMOURS CHILDREN'S CLINIC, :
BOARD OF DIRECTORS and ADVISORY:
BOARD OF CAC, DR. EARL BRADLEY, :
BEEBE MEDICAL CENTER, INC., :
RICO DOE #1, RICO DOE #2, MARK :
BUCKWORTH, JENNIFER MAYO, :
STATE OF DELAWARE, COURT OF :
COMMON PLEAS OF NEW CASTLE :
COUNTY, WILLIAM C. BRADLEY, :
DEPARTMENT OF SERVICES FOR :
CHILDREN, YOUTH & THEIR :
FAMILIES, DIVISION OF FAMILY :
SERVICES, VIVIAN RAPPOSELLI, :
JENNIFER RANJI, RODNEY :
BRITTINGHAM, SUSAN RADECKI, :
T.J. WHALEN, DFS AGENTS 1 – N, :
DEPARTMENT OF JUSTICE, RICHARD :

GEBELEIN, CHARLES BUTLER,            :
PHYLLIS SCULLY, STACI COHEE,         :
JASON COHEE, KATHLEEN                :
DICKERSON, MARIE GRAHAM, SUSAN:
SCHMIDHAUSER, LAWRENCE LEWIS,        :
PATRICIA LEWIS, JOSEPH HANDLON,      :
                                     :
in their individual, spousal, and official :
capacities , jointly and severally,  :
                                     :
        Defendants.                  :

*Submitted: September 14, 2016*
*Decided: December 9, 2016*

*Upon Consideration of Defendants'*
*Motions to Dismiss*
GRANTED

**ORDER**

Weih Steve Chang, *Pro se.*

Ryan P. Connell, Esquire, Department of Justice, Wilmington, Delaware for State Defendants.[1]

Justin P. Callaway, Esquire, Salmon Ricchezza Singer & Turchi, LLP, Wilmington, Delaware for Defendants Children's Advocacy Center of Delaware, Inc. and Randall Williams.

Kevin S. Mann, Esquire, Cross & Simon, LLC, Wilmington, Delaware for Defendants Allan DeJong, M.D. Carlton Gartner, M.D., and Edward Woomer.

---

[1] These defendants include Rodney Brittingham, Charles Butler, Staci Cohee, Jason Cohee, Court of Common Pleas of New Castle County, Department of Justice, Department of Services for Children, Youth, and their Families Division of Family Services, Kathleen Dickerson, Richard Gebelein, Marie Graham, Lawrence Lewis, Patricia Lewis, Jennifer Mayo, Joseph Handlon, Susan Radecki, Vivian Rapposelli, Jennifer Ranji, Susan Schmidhauser, Phyllis Scully, State of Delaware, TJ Whalen.

Oderah C. Nwaeze, Esquire, Duane Morris, LLP, Wilmington, Delaware for Defendant Beebe Medical Center, Inc.

Young, J.

**SUMMARY**

Weih Steve Chang ("Plaintiff Chang") filed a civil Complaint against the Delaware Department of Justice, a multitude of other State agencies, individual State employees, hospitals, and sex offenders. Plaintiffs' Complaint contains claims ranging from civil RICO violations to breach of contract to negligence, all of which stem from Defendants' alleged cover ups of sexual crimes and failure to use a Multi Disciplinary Team approach to investigating sexual assault of child victims.[2] Plaintiff

[2] The claims are for breach of contract against Nemours Children's Clinic, Allan DeJong, J. Carlton Gartner, and Edward Woomer; reckless and wanton conduct against all Defendants except Children's Advocacy Center; reckless and wanton conduct against J. Carlton Gartner, Edward Woomer, and Nemours Children's Clinic; reckless and wanton conduct against Jennifer Ranji, Rodney Brittingham, the Division of Family Services, Patricia Lewis, Richard Gebelein, Charles Butler, and the Department of Justice; survival and wrongful death actions against T.J. Whalen, unnamed Division of Family Services agents, and the Division of Family Services; a claim under 42 U.S.C. Section 1983 against all Defendants except William Bradley and the Court of Common Pleas of New Castle County; a 42 U.S.C. Section 1983 Claim against Rodney Brittingham, Charles Butler, Staci Cohee, Jason Cohee, the Court of Common Pleas of New Castle County, the Department of Justice, the Division of Family Services, Kathleen Dickerson, the Department of Services for Children Youth and their Families, Richard Gebelein, Marie Graham, Lawrence Lewis, Patricia Lewis, Jennifer Mayo, Joseph Handlon, Susan Radecki, Vivian Rapposelli, Jennifer Ranji, Susan Schmidhauser, Phyllis Scully, State of Delaware, William C. Bradley, and T.J. Whalen; a RICO claim against Richard Gebelein, Charles Butler, Staci Cohee, Lawrence Lewis,. Patricia Lewis, and the Delaware Department of Justice; a RICO claim against William C. Bradley, the Court of Common Pleas of New Castle County, Joseph Handlon, and the Department of Justice; and a RICO claim against unnamed Division of Family Services agents, Children's Advocacy Center, Jennifer Mayo, Mark Buckworth, Rodney Brittingham, Jennifer Ranji and the Department of Justice.

Of those claims, the claims for breach of contract against Nemours Children's Clinic, Allan DeJong, J. Carlton Gartner, and Edward Woomer; reckless and wanton conduct against J. Carlton Gartner, Edward Woomer, and Nemours Children's Clinic; reckless and wanton conduct against Jennifer Ranji, Rodney Brittingham, the Division of Family Service, Patricia Lewis, Richard Gebelein, Charles Butler, the Department of Justice, and the Court of Common Pleas of New Castle County; and RICO against unnamed Division of Family Services agents, the Children's Advocacy Center, Jennifer Mayo, Mark Buckworth, Rodney Brittingham, Jennifer

Chang does not have the legal license necessary to represent Plaintiffs Informatics in a Box, Inc., Wayne R. Averill ("Averill"), and class plaintiffs in an action before this Court. Further, *res judicata* bars Plaintiff Chang's claims and those on behalf of his children, except the claims against Defendant Unnamed Employees of Division of Family Services and the medical negligence claims against Defendants Nemours Children's Clinic, Allan DeJong, M.D. ("DeJong"), J. Carlton Gartner, M.D ("Gartner"). and Edward Woomer ("Woomer"). Delaware law does not, without authorization, permit fictitious name practice, therefore, this Court dismisses all claims against Defendants Unnamed Employees of Division of Family Services. This Court dismisses Plaintiff Chang's and his children's claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Edward Woomer for medical negligence, because they do not include an affidavit of merit. Thus, Defendants' Motions to Dismiss are **GRANTED**.

### FACTS AND PROCEDURE

Plaintiff Chang, a person not licensed to practice law in Delaware, filed two related suits prior to filing the instant action. On April 28, 2016, Plaintiff filed a suit on behalf of himself, his children, and two putative classes in the Delaware Court of Chancery. The first putative class consisted of "minors who utilized forensic interview services pursuant to a 'Memorandum of Understanding' signed by Defendant CAC." The second putative class consisted of "minors who were

---

Ranji and the Delaware Department of Justice are all claims brought on behalf of Plaintiff Chang and his children, as opposed to class claims or claims brought on behalf of someone other than Plaintiff Chang's children or himself.

deprived of timely MDT interventions due to state actors' willful, gross, and/or wanton negligence, and extreme and outrageous conduct." This suit was filed against a host of State agencies, individual State employees, hospitals, and sex offenders.[3] The Court of Chancery did not certify this suit as a class action. Additionally, on October 15, 2015, Plaintiff Chang filed a suit on behalf of himself and his children against Jennifer Mayo.[4]

Both of these suits, in part, emanated from alleged misconduct related to Plaintiff Chang's children. Plaintiff Chang alleged that two of his children disclosed child abuse at the hands of one of their parents to Children's Advocacy Center, Inc. ("CAC"). He further alleged that one of his children disclosed abuse at the hands of a neighbor to CAC. Plaintiff Chang also states that CAC dismissed these disclosures as lies. Plaintiff Chang asserts that he filed a petition for

---

[3] The defendants in the Court of Chancery Complaint were Children's Advocacy Center, Randall Williams, Allan DeJong, J. Carlton Gartner, Edward Woomer, Nemours Children's Clinic, the Board of Directors and Advisory Board of Children's Advocacy Center, Dr. Earl Bradley, Beebe Medical Center (named as Rico Doe 1 in complaint), James Marvel (named as Rico Doe 2 in complaint), Mark Buckworth, State of Delaware Department of Services for Children Youth and Their Families Division of Family Services, Vivian Raposselli, Jennifer Ranji, Rodney Brittingham, Susan Radecki, T.J. Whalen, Unnamed Division of Family Services Staff Members (Plaintiff Chang noted they were to be named later), the Department of Justice, Richard Gebelein, Charles Butler, Phyllis Scully, Staci Cohee, Jason Cohee, Kathleen Dickerson, Marie Graham, Susan Schmidhauser, Lawrence Lewis, Patricia Lewis.

[4] Plaintiff Chang and his children wanted to recover in this cause of action for eight claims. These claims are for violations of judicial guidelines, violations of canon 2 rule 2.3(b), under color of law abuses beyond the bounds of her lawful authority, under color of law abuses while performing judicial duties, 11 *Del. C.* § 1211 official misconduct class a misdemeanor, offenses involving moral turpitude, defamation, and intentional infliction of emotional distress by deliberate indifference and reckless disregard.
Plaintiff Chang and his children wanted damages as a remedy for these claims.

Protection from Abuse against his children's mother. Jennifer Mayo ("Mayo") dismissed this Protection from Abuse motion and added Plaintiff Chang's neighbor as a party. After another interview with CAC, at Nemours Children's Clinic, Plaintiff Chang asserts that CAC submitted a false affidavit stating that his children had stated that their mother did not commit any acts of abuse. The Department of Justice and the Division of Family Services, according to Plaintiff Chang, then unsuccessfully attempted to implicate Plaintiff Chang for child abuse. Having unsuccessfully attempted to gain unsupervised visitation rights with his children, Plaintiff Chang alleges that Judge Mark Buckworth denied his attempt to gain visitation rights without reason.

The Chancery Court suit also flowed from alleged misconduct pertaining to persons other than Plaintiff Chang's children. The suit points to alleged failures by Defendants to follow a memorandum of understanding mandating certain investigation techniques in child abuse cases and alleged failures to prosecute adequately certain child abusers. Specifically, it notes that these alleged failures took place with respect to child abuse acts involving Dr. Earl Bradley.

Each of those cases was dismissed in its entirety. In the Chancery Court suit, the Court dismissed all of the class claims for lack of standing. It dismissed the medical negligence claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer for lack of subject matter jurisdiction. In the Superior Court suit the Court dismissed all of the claims for reasons other than standing.

The instant suit differs slightly from the prior suits. It includes all of the

Defendants from the prior two suits. With respect to those Defendants, this suit arises from the same conduct for which Plaintiff Chang sued them in prior suits.

The instant suit adds separate claims brought by new plaintiffs, Informatics in a Box, Inc., Averill, and a class of plaintiffs defined as "those victims sexually molested by Defendant William C. Bradley" against new Defendants the Court of Common Pleas of New Castle County, William C. Bradley, and Joseph Handlon. The new claims for the new parties arise from William C. Bradley's sexual abuse of children and the alleged subsequent failure to prosecute him.

Plaintiff Chang filed this Complaint on July 29, 2016. All of the Defendants, with the exception of Dr. Earl Bradley and William C. Bradley subsequently filed Motions to Dismiss Plaintiff Chang's Complaint.

## STANDARD OF REVIEW

The Court's standard of review on a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) is well-settled. If the complaint and facts alleged are sufficient to support a claim on which relief may be granted, the motion is not proper and should be denied.[5] The test for sufficiency is a broad one.[6] If any reasonable conception can be formulated to allow Plaintiff Chang's recovery, the motion to dismiss must be denied.[7]

---

[5] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[6] *Id*.

[7] *Id*.

8

## DISCUSSION

Defendants argue that this Court should dismiss all claims against them, since Plaintiff Chang lacks the legal license necessary to assert claims on behalf of Plaintiffs Informatics in a Box, Inc., Averill, Class A, Class B, and Class C. Moreover, Defendants assert that *res judicata* bars all claims in this action. Defendants also claim that, since this Court does not, without authorization, allow fictitious name practice, Plaintiffs cannot assert claims against fictitious defendants. Further, Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer note that Plaintiff Chang's medical negligence claims against them do not have an affidavit of merit.[8] Therefore, they assert, the Court must dismiss these claims.

Plaintiff Chang does not have a license to practice law, therefore, he cannot bring claims on behalf of Plaintiffs Informatics in a Box, Inc., Averill, Class A, Class B, and Class C. *Res judicata* bars Plaintiff Chang's claims brought on behalf of himself and his children, with the exception of all claims against Defendant Unnamed Employees of Division of Family Services and medical negligence claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer. Because Delaware law does not permit fictitious name practice without authorization, which does not exist in this case, this Court dismisses all claims against Defendants Unnamed Employees of Division of Family Services. The claims by Plaintiff Chang and his children against Defendants Nemours Children's

---

[8] These claims are identified by Plaintiff Chang as claims for reckless and wanton conduct.

Clinic, DeJong, Gartner, and Woomer for medical negligence are invalid because they were not accompanied by an affidavit of merit. Thus, Defendants' Motions to Dismiss are **GRANTED**.

**I.      Plaintiff Chang does not have a license to practice law; therefore, he cannot bring claims on behalf of Plaintiffs Informatics in a Box, Inc., Averill, or Class Plaintiffs**

This Court may dismiss claims brought by plaintiffs in some instances when those plaintiffs are represented by another person who is not a licensed attorney. One instance in which a court may dismiss such claims is when a corporation is not represented by an attorney in a legal action. Another instance is when a person is engaged in the unauthorized practice of law. With respect to Plaintiff Informatics in a Box, Inc., this Court dismisses all of its claims, since Plaintiff Chang purports to represent this plaintiff without a legal license. With respect to Plaintiff Averill and Classes A, B, and C, this Court dismisses all of these Plaintiffs' claims since, with respect to their claims, Plaintiff Chang is engaged in the unauthorized practice of law.

This Court dismisses all claims brought by Plaintiff Informatics in a Box, Inc. since Plaintiff Chang improperly purports to represent it. *Transpolymer Industries, Inc. v. Chapel Main Corp.*[9] In that case the Delaware Supreme Court

---

[9] *See also Gibson v. N. Del. Realty Co. Stoneybrook Townhomes*, 1996 WL 659480 (Del. Super. Aug. 20, 1996) (holding that a judgment obtained by a corporation in Justice of the Peace Court was void since it was asserted by an unrepresented corporation).

dismissed an appeal because a corporation was not represented by an attorney.[10] It reasoned that this decision was necessary since corporations could only act through duly authorized agents.[11] Like the corporate party in *Transpolymer*, Plaintiff Informatics in a Box, Inc. is "represented" by a person without a legal license. Thus, this Court dismisses all claims on its behalf.

This Court dismisses all claims brought by Plaintiff Averill and on behalf of Classes A, B, and C since they are represented by a person unauthorized to practice law. The unauthorized practice of law "occurs where there is an exercise of judgment on a legal matter by someone acting in a representative capacity . . . if it occurs in Delaware, on a matter of Delaware law, by someone not admitted to the Delaware Bar."[12] *Townsend v. Integrated Manufacturing and Assembly* holds that this Court has the authority to dismiss claims by plaintiffs represented by a person engaged in the unauthorized practice of law.[13] In that case, non-parties to an Industrial Accident Board action filed an appeal to the Delaware Superior Court on behalf of a party that was allegedly injured in an industrial accident in Delaware.[14] The Court dismissed that action, since the conduct underlying the

---

[10] *Transpolymer Industries, Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1 (Del. Sept. 18, 1990).

[11] *Id.*

[12] *Townsend v. Integrated Mfg. & Assembly*, 2013 WL 4521087, at *1 (Del. Super. July 30, 2013).

[13] *See also Crone v. Martin*, 820 A.2d 390, 393-94 (Del. Fam. Oct. 2, 2011).

[14] *Id.*

claims occurred in Delaware, the party was represented by a person who was not a member of the Delaware Bar, and the representative took legal action involving interpretation of Delaware law.[15] The Supreme Court affirmed that decision.[16]

As in *Townsend*, Plaintiff Chang is engaged in the unauthorized practice of law. Plaintiff Chang is attempting to make legal decisions on Plaintiff Averill's and the classes' behalves that require interpretation of Delaware law with respect to claims for which the underlying conduct allegedly occurred in Delaware. Additionally, Plaintiff Chang is not licensed to practice law in Delaware. Thus, this Court dismisses all claims on behalf of Plaintiff Averill.

## II. Plaintiff Chang's claims brought on behalf of himself and his children are barred by *res judicata*, with the exception of their claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer

Defendants argue that *res judicata* bars all Plaintiffs' claims against them. *Res judicata* applies when:

> (1) the court making the prior adjudication had jurisdiction; (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication; (3) the cause of action must be the same in both cases or the issues decided in the prior action must be the same as those raised in the present case; (4) the issues in the prior action must be decided adversely to the plaintiff's contentions in the instant case; and (5) the prior adjudication must be final.[17]

Here, *res judicata* bars all of Plaintiff Chang's and his children's claims except for

---

[15] *Id.* at *1-2.

[16] *Townsend v. Integrated Mfg. & Assembly*, 77 A.3d 272, 2 (Del. Oct. 7, 2013).

[17] *Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. Jan. 5, 2001); *Aveta, Inc. v. Bengoa*, 986 A.2d 1166, 1184-85 (Del. Ch. Dec. 24, 2009).

the claims against Defendant Unnamed Employees of Division of Family Services and the medical negligence claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer. With respect to claims brought by Plaintiff Chang and his children, sounding in tort, against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer, *res judicata* does not apply, since the Court of Chancery did not have subject matter jurisdiction over those matters. With respect to claims brought by Plaintiff Chang and his children against Defendant Unnamed Employees of Division of Family Services *res judicata* does not apply because this party is not the same party as was listed in the prior Chancery Court action. This Court will address each element in turn.

**A. Did the Court making the prior adjudication have jurisdiction?**

The Superior Court and the Court of Chancery had jurisdiction over the prior actions Plaintiff Chang filed in each court except for those filed against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer sounding in tort. "The Superior Court shall have jurisdiction of all causes of a civil nature, real, personal and mixed, at common law."[18]  "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."[19] The Superior Court had jurisdiction over the prior matter against Mayo since the action asked for remedies by common law. The Court of Chancery had jurisdiction over its prior action under the clean up doctrine, even though the action requested

---

[18] Del. Const., Art. IV § 7.

[19] 10 *Del. C.* § 342.

remedies by common law.

**1. The Superior Court had jurisdiction over the prior matter against Jennifer Mayo**

As noted above, whether the Superior Court has subject matter jurisdiction is based upon whether there is an adequate remedy at law. There is an adequate remedy at law when the plaintiff has an action for damages that will make him whole. In *Kerrigan v. Alderman Automotive Services, Inc.*, the Court of Chancery asserted the above proposition in an action where the plaintiff asked the Court to rescind his acceptance of a contract with a car dealership, for the purchase of a car, and refund the purchase price for the car due to problems with the car's paint job.[20] The Court of Chancery held that it did not have subject matter jurisdiction since the plaintiff could obtain full relief from an action in the Superior Court by obtaining damages either as a result of a common law contract action or an action under the Uniform Commercial Code.[21]

As in *Kerrigan*, Plaintiff Chang and his children had an adequate remedy at law in their case against Mayo. Plaintiff Chang and his children requested damages only as a remedy for the causes of action they asserted against Mayo in the prior cause of action. Therefore, the Superior Court had jurisdiction over the prior action against Mayo.

---

[20] *Kerrigan v. Alderman Auto. Servs., Inc.*, 1980 WL 272828, at *1-2 (Del. Ch. Aug. 18, 1980).

[21] *Id.* at *2-3.

**2. The Court of Chancery had jurisdiction over its prior action under the clean up doctrine, with respect to most claims, even though the action requested remedies to some claims by common law**

Though the Court of Chancery generally is a court of limited jurisdiction, with jurisdiction only over matters without an adequate remedy at law,[22] it still has jurisdiction over some claims that have an adequate remedy at law. It has jurisdiction over those claims when plaintiffs assert those claims along with claims over which the plaintiff has no adequate remedy at law.[23] Chancery Court may decide an entire controversy, except for those claims over which the Superior Court has exclusive jurisdiction and including those portions of the controversy that have an adequate remedy at law, for a few reasons including "to promote judicial efficiency."[24] A court should consider "whether the facts involved in the equitable counts and in the legal counts are so intertwined as to make it undesirable or impossible to sever them" before hearing legal counts along with equitable counts.[25] The Superior Court has exclusive jurisdiction over the tort claims against Defendant's Nemours Children's Clinic, DeJong, Gartner, and Woomer. With respect to all other claims, since the Chancery Court action included equitable counts, those equitable counts along with the legal counts would have been more efficiently decided all at once rather than in separate trials,

---

[22] 10 *Del. C.* § 342.

[23] *Medek v. Medek*, 2008 WL 4261017, at *3.

[24] *Id.*

[25] *Id.*

and those equitable counts were so intertwined with legal counts as to make it undesirable to sever them, the Chancery Court had jurisdiction over all of the claims in the prior action. Furthermore, Plaintiffs' contentions that their desire for punitive damages and levying of a RICO claim in the Chancery Court complaint destroyed the Court of Chancery's jurisdiction over the Chancery Court action are unfounded.

**a. The Superior Court has exclusive jurisdiction over the tort claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer**

The Superior Court is the only court that may hear medical negligence claims.[26] Some of the Plaintiffs' claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer were medical negligence claims. The Court of Chancery did not have jurisdiction over these claims.

**b. The Chancery Court action included equitable counts**

Specific performance[27] and injunctions[28] are equitable remedies. One of the main purposes of Plaintiff Chang's Chancery Court action was to force certain government agencies to follow investigation guidelines laid out in a memorandum of understanding between those agencies. Plaintiff Chang specifically requested specific performance and injunctive remedies to obtain this relief. As such, the Chancery Court action included equitable counts.

---

[26] 18 *Del. C.* § 6802.

[27] *Chavin v. H.H. Rosin & Co.*, 246 A.2d 921, 922 (Del. Oct. 10, 1968).

[28] *Kerrigan*, 1980 WL 272828, at *3.

**c. The equitable and legal counts in the Chancery Court action would have been more efficiently decided all at once rather than in separate trials**

Since the legal claims and equitable claims in the Chancery Court action relied upon proof of the same facts as one another, the equitable and legal counts in the Chancery Court action would have been more efficiently decided all at once, rather than in separate trials. A legal action would be more efficiently decided in a single trial in Chancery Court than it would be in severed trials when one claim relies upon proof of the same facts as another claim. This is demonstrated by *Rizzo v. Joseph Rizzo and Sons Construction Company, Inc.*, in which a plaintiff brought an ejectment claim and a breach of fiduciary duty claim.[29] The plaintiff's ejectment claim would fail unless the plaintiff proved his breach of fiduciary duty claim.[30] Thus, the Court noted in dicta that the clean up doctrine would have applied in this suit had the Chancery Court not had jurisdiction on other grounds.[31]

Similar to *Rizzo*, Plaintiff Chang's legal and equitable claims in the Chancery Court action often required proof of the same facts. For example, many of Plaintiff Chang's claims depended upon the finder of fact determining that the memorandum of understanding imposed obligations upon state agencies to investigate possible instances of child abuse in a specific manner, and that the state agencies did not investigate possible instances of child abuse in that specific

---

[29] *Rizzo v. Joseph Rizzo and Sons Constr. Co.*, 2007 WL 1114079, at *3 (Del. Ch. Apr. 10, 2007).

[30] *Id.*

[31] *Id.*

manner. Thus, it would have been more efficient to hear all of the claims in the Chancery Court action at one time as opposed to hearing them in separate trials.

**d. The equitable counts in the Chancery Court action were so intertwined with the legal counts as to make it undesirable to sever them**

Since, as noted above, resolution of the claims in the Chancery Court action depended upon the finder of fact resolving the same facts, the equitable counts in the Chancery Court Action were so intertwined with the legal counts as to make it undesirable to sever them.

Equitable counts are so intertwined with legal counts that it is undesirable to sever an action when the claims in an action depend upon consideration of the same facts. This is demonstrated by *Medek v. Medek*. In that case, a plaintiff sued a defendant for the fraudulent transfer of assets to which she was entitled under a divorce settlement and breach of contract for not following the agreements pursuant to the divorce settlement.[32] The court held that the equitable counts and the legal counts were intertwined, since the finder of fact would have to consider the same agreements in the legal counts and the equitable counts.[33]

As in *Medek*, and as noted above, the equitable and legal counts in this case force the finder of fact to consider many of the same sets of facts in order to determine each claim's outcome. Thus, the equitable counts in the Chancery Court action were so intertwined with the legal counts as to make it undesirable to sever them.

---

[32] *Medek*, 2008 WL 4261017, at *4.

[33] *Id.* at *7-8.

**e. Plaintiffs' contention that their desire for punitive damages and their levying of a RICO claim in their Chancery Court complaint eliminated the Chancery Court's jurisdiction is wrong**

Plaintiffs argue that their desire for punitive damages and the fact that they brought a RICO claim in their Chancery Court complaint eliminated the Chancery Court's jurisdiction over the suit it dismissed. While Chancery Court does not have the ability to give punitive damages, it still may assert jurisdiction over cases in which the plaintiff requests punitive damages. Further, while the RICO statute grants the Superior Court jurisdiction over RICO claims, it does not grant exclusive jurisdiction over these claims. Therefore, Plaintiffs' arguments are not well taken.

While Chancery Court does not have the ability to give punitive damages, it still may assert jurisdiction over the claims in cases in which the plaintiff requests punitive damages. In *Beals v. Washington International, Inc.*, a plaintiff requested punitive damages.[34] While the Chancery Court held that it could not give the plaintiff punitive damages because courts of equity historically could not grant punitive damages, it did not dismiss this action.[35] Instead, it struck the portion of the plaintiff's complaint requesting punitive damages.[36]

Further, while the RICO statute grants the Superior Court jurisdiction over RICO claims, it does not mandate exclusive jurisdiction over these claims. The

---

[34] *Beals v. Washington Int'l., Inc.*, 386 A.2d 1156, 1159-60 (Del. Ch. May 10, 1978).

[35] *Id.*

[36] *Id.*

19

Delaware RICO statute reads in relevant part "the Superior Court of this State shall have jurisdiction to prevent and restrain violations of this chapter . . . ."[37] While this does grant the Superior Court jurisdiction over civil RICO claims, exclusive jurisdiction, preventing the Court of Chancery from using the "clean-up" doctrine to decide RICO claims before it, does not exist. Thus, neither of Plaintiffs' arguments indicating that Chancery Court did not have jurisdiction over its prior action are valid.

**B. Are the parties in the present action either the same parties or in privity with the parties from the prior adjudication?**

Most of the causes of action in this litigation include plaintiffs and defendants from prior claims that have already been adjudicated. Despite the lack of complete identity of parties with the prior actions, the causes of action in the present action that include parties from the prior actions still satisfy this element of *res judicata*. The remaining parties to this action, namely Defendant Unnamed Employees of Division of Family Services, were not parties to the prior action and are not in privity with any party from the prior causes of action. Therefore, they do not satisfy this element of *res judicata*.

All of the parties in the remaining causes of action, with the exception of Defendant Unnamed Employees of Division of Family Services were parties to claims in prior litigation in either Chancery Court or Superior Court. "*Res judicata*

___

[37] *Id.*; *see also Albert v. Alex Brown Management Servs., Inc.*, 2004 WL 2050527, at *6 (Del. Super. Sept. 15, 2004) (transferring a Superior Court case to Chancery Court despite the fact that the Superior Court case included a demand for punitive damages because the claims were such that they would normally be heard in Chancery Court).

operates to bar a subsequent action against parties, or their privies, to a prior action even though the subsequent action names fewer or more parties than the previous action."[38] Thus, even though there is not complete identity of parties, the parties in each suit satisfy this element for *res judicata* purposes.

The remaining parties in the remaining claims were not parties to the prior action, and are not in privity with any party to this action. A non-party to the previous action is in privity with a party to the previous action when the prior action was a representative action for which the non-party was included in a class, when there is a pre-existing legal relationship in which the non-party is one with the party, or the non-party conducts itself in a manner which falls short of becoming a party, but which justly should result in the non-party's being denied opportunity to re-litigate the matters in issue.[39] The previous action was not a representative action, there is no pre-existing legal relationship between the remaining parties and any party to the prior litigation, and no parties to either the prior litigation or the current litigation conducted themselves in a manner that would lead to this Court finding there was privity. Thus, the remaining parties are not in privity with any party to the previous litigation.

The previous action was not a representative action. Representative actions are those actions that are in the mold of class action litigation.[40] Class actions bind

---

[38] *Coggins v. Carpenter*, 468 F.Supp. 270, 280 (E.D. Pa. Mar. 22, 1979).

[39] *Kohls v. Kenetech Corp.*, 791 A.2d 763, 769 (Del. Ch. July 26, 2000).

[40] *In re* Activision Blizzard, Inc. Stockholder Litigation, 124 A.3d 1025, 1060 (Del. Ch. May 21, 2015).

all members of the class to later adjudications. In order for a putative class action to become a class action the Court must certify it as such.[41] Since the Chancery Court did not certify Plaintiffs' prior action as a class action, the prior action was not a representative action.

There is not a sufficient pre-existing legal relationship between the remaining parties and any party to the prior litigation to place the remaining parties in privity with parties to the prior litigation. The Court may find that parties and non-parties are in privity with one another when their pre-existing legal relationship is one that places the party and non-party in a position where they are one with the other. In *Kohls v. Kenetech Corp.*, a group of stockholders sued a company over its refusal to pay money owed to the stockholders.[42] Later, a second, non-identical group of stockholders sued the company with respect to the same subject matter.[43] The Court held that the shareholder to shareholder relationship was not a type of relationship sufficient to support a finding of privity.[44] It reasoned that the relationship was not sufficiently similar to other relationships, such as the indemnitor and indemnitee or predecessor and successor relationship, that courts have found to place a non-party in the position of a party in a way that supports a finding of privity. Defendant Unnamed Employees of Division of Family Services does not have a relationship similar to an indemnitor and

---

[41] Ct. Ch. R. 23(b).

[42] *Kohls*, 791 A.2d at 767.

[43] *Id.* at 769.

[44] *Id.*

indemnitee relationship or a predecessor and successor relationship with any party to the prior litigation. Thus, there is not a sufficient pre-existing legal relationship between the remaining parties and any party to the prior litigation.

No parties to either the current litigation or the prior litigation conducted themselves in a manner that would lead this court to find that they are in privity with the parties from the prior actions. Courts will find that there is privity due to conduct in circumstances when a party to the prior litigation is acting as an agent of the non-party. In *Re: Sussex County v. Jeanne Sisk*, a daughter acted as an agent for her mother during litigation regarding removing a structure from her property.[45] The mother attempted to re-litigate claims that her daughter already had litigated.[46] The Court held that the mother and daughter were in privity with one another, since the daughter acted as an agent for the mother during the prior litigation.[47] None of the parties to the prior litigation acted as agents for Defendant Unnamed Employees of Division of Family Services.

**C. Are the causes of action or the issues in the present case the same as those decided in earlier cases?**

The remaining causes of action or issues in the present case are the same as those decided in earlier cases for *res judicata* purposes, as they are based upon the

---

[45] *Re: Sussex County v. Sisk*, 2014 WL 3954929, at *3.

[46] *Id.*

[47] *Id.*

same transaction.[48] Cases are based upon the same transaction when they arise from a common nucleus of operative fact. An example of this is *LaPoint v. AmerisourceBergen Corp.*, in which plaintiffs asserted a claim for indemnification for attorneys fees in Superior Court for attorneys fees from a prior case filed in the Court of Chancery.[49] The court held that the action for indemnification for the prior suit in Chancery Court did not involve the same transaction as the Superior Court claim, because the Superior Court claim arose in part from an entirely different set of facts than the Chancery Court claim.[50]

All of the remaining claims in this case arise from the same transaction. Many of the claims on behalf of Plaintiff Chang and his children in the original Court of Chancery complaint and all of the claims in the original Superior Court Complaint arose from incidents involving the way various agencies, judges and attorneys handled his children's allegations of abuse. The remainder of the claims in the Court of Chancery complaint arise from the way agencies handled allegations of child abuse against Dr. Earl Bradley. All of the remaining claims in the present Complaint are based on the exact same sets of facts as the prior Superior Court and Chancery Court actions. In fact, the complaints in this action and the action in the Court of Chancery nearly mirror one another word for word. The only way in which the actions differ from one another is that the present

---

[48] *RBC Capital Markets, LLC v. Education Loan Trust IV*, 87 A.3d 632, 645 (Del. Mar. 5, 2014).

[49] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 187-88 (Del. Mar. 12, 2009).

[50] *Id.* at 194-95.

action adds claims by Class C and Plaintiff Averill against Defendant William Bradley and the Court of Common Pleas of New Castle County and describes Defendant William Bradley's abuse of children.

### D. Were the issues in the prior action decided adversely to the Plaintiff's contentions in the instant case?

Since the Court dismissed Plaintiffs claims in the prior causes of action, those issues were decided adversely to the contentions in the instant case.

### E. Were the prior adjudications final?

The prior adjudications, except those that were dismissed for lack of subject matter jurisdiction,[51] were final with respect to Plaintiff Chang and his children. A dismissal of an action is final if a court dismisses it with prejudice. Moreover, Chancery Court claims dismissed under Chancery Court Rule 12(b)(6) are final under Chancery Court Rule 41(b).

A dismissal of an action is final if a court dismisses it with prejudice. In *L.P. Machulas v. Overcamp*, a plaintiff had an action dismissed with prejudice, but decided not to appeal that decision.[52] The plaintiff later attempted to file a similar claim, which the Court dismissed due to *res judicata*.[53] The Superior Court held that this dismissal was valid since the original adjudication was final.[54]

---

[51] The medical negligence claims against Defendants Nemours, DeJong, Gartner, and Woomer.

[52] *L.P. Machulas v. Overcamp*, 2001 WL 1448494, at *1 (Del. Super. Oct. 30, 2001).

[53] *Id.*

[54] *Id.*

Chancery Court claims dismissed under Chancery Court Rule 12(b)(6) are final under Chancery Court Rule 41(b). In relevant part, Chancery Court Rule 41(b) reads "unless the Court in its order for dismissal otherwise specifies, a dismissal for lack of jurisdiction or for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."[55] In *RBC Capital Markets, LLC v. Education Loan Trust IV*, the Delaware Supreme Court noted that the Superior Court correctly held that a case dismissed under Chancery Court Rule 12(b)(6) was a final judgment for *res judicata* purposes, since Chancery Court Rule 41 explicitly notes that this is the case.[56]

Some of the claims in the instant action were dismissed in a manner similar to the matter in *L.P. Machulas*. The Court of Chancery explicitly dismissed every claim brought by Plaintiff Chang and his children with prejudice except those against Defendants Nemours, DeJong, Gartner, and Woomer for violation of 42 U.S.C. § 1983 and breach of contract.

Those claims brought by Plaintiff Chang and his Children against Defendants Nemours, DeJong, Gartner, and Woomer for violation of 42 U.S.C. § 1983 are also final for *res judicata* purposes.[57] The Chancery Court action dismissed these claims under Chancery Court Rule 12(b)(6). Thus, they are final under Chancery Court Rule 41(b).

---

[55] Ct. Ch. R. 41(b).

[56] *RBC Capital Markets, LLC*, 87 A.3d at 643-44.

[57] Those claims brought against these parties for medical negligence were dismissed for lack of subject matter jurisdiction so they are not final.

### III. Delaware law does not automatically permit fictitious name practice; therefore, this Court Dismisses All Claims Against Defendants unnamed employees of Division of Family Services

This Court dismisses all remaining claims against Defendants Unnamed Employees of Division of Family Services, since Delaware law does not permit fictitious name practice. *Mohl v. Doe* supports the proposition that Delaware law does not support fictitious name practice. In that case, an injured woman sued her car insurance company and an unnamed defendant for injuries she sustained in a car accident.[58] The woman was unable to name the unnamed defendant because she lost a potion of her memory due to injuries she sustained in the accident.[59] The Delaware Superior Court dismissed the case as to the unnamed defendant, since the woman did not name the defendant.[60] As with the defendant in *Mohl*, Defendants Unnamed Employees of Division of Family Services are unnamed. Therefore, this Court dismisses the remaining claims against them.

### IV. The claims by Plaintiff Chang and his children against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer for medical negligence are invalid because they were not accompanied by an affidavit of merit

All complaints filed for medical negligence must either be accompanied by either an affidavit of merit as to each defendant complying with 18 *Del. C.* § 6853(a)(1) or a motion to extend the deadline for filing an affidavit of merit under

---

[58] *Mohl v. Doe*, 1995 WL 339099, at *1-2 (Del. Super. May 11, 1995).

[59] *Id.*

[60] *Id.*

27

18 *Del. C.* § 6853(a)(2).[61] The Delaware Code defines medical negligence as "any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health-care provider to a patient."[62] Since Plaintiff Chang's and his children's remaining claims in this suit are based on health care or professional services rendered, or which should have been rendered, by a health-care provider, Plaintiff Chang's and his children's Complaint should have been accompanied by an affidavit of merit or a motion for extension of the deadline for filing an affidavit of merit as to each defendant. The Complaint was not accompanied by any affidavit or a motion. Therefore, this Court dismisses the medical negligence claims brought on Plaintiff Chang's and his children's behalf.

The basis of Plaintiff Chang's and his children's tort claims in this action against Defendants Nemours, DeJong, Gartner, and Woomer are health-care services provided by or which should have been provided by, a health-care provider. A health-care provider is "a person, corporation, facility, or institution licensed pursuant to Title 24, excluding Chapter 11 thereof, or Title 16 to provide health-care or professional services . . . ."[63] Medical checks for child abuse and social work should be provided by persons and at facilities licensed pursuant to Titles 16 and 24.[64] In their remaining claims, Plaintiff Chang and his children allege that plaintiffs performed a tort when they failed to follow a memorandum of

---

[61] 18 *Del. C.* § 6853.

[62] 18 *Del. C.* § 6801(7).

[63] 18 *Del. C.* § 6801(5).

[64] *See* 24 *Del. C.* § 3903(a); 24 Del. C. § 1720(a).

understanding in checking their patients for signs of child abuse and performing social work. Pursuant to the rules stated above, these claims sound in medical negligence and must be accompanied by an affidavit of merit or a motion for extension. Since this Complaint was accompanied by neither, this Court dismisses Plaintiffs remaining claims.

### CONCLUSION

Plaintiff Chang is not licensed to practice law in Delaware. Therefore, he may not represent Plaintiffs Informatics in a Box, Inc., Averill, Class A, Class B, or Class C. Further, *res judicata* bars Plaintiff Chang's claims brought on behalf of himself and his children, except those brought against Defendant Unnamed Employees of Division of Family Services in general and those brought against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer for medical negligence. Since, Delaware law does not permit fictitious name practice without authorization, this Court dismisses all claims against Defendants Unnamed Employees of Division of Family Services. Plaintiff Chang's and his Children's claims against Defendants Nemours Children's Clinic, DeJong, Gartner, and Woomer fail because the Complaint was not accompanied by any affidavit of merit.

Thus, Defendants' Motions to Dismiss are **GRANTED**.

**SO ORDERED** this 9th day of December, 2016.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*

29

*Chang, et al. v. CAC, et al.*
*C.A. No. K16C-07-020 RBY*
*December 9, 2016*

oc:    Prothonotary

cc:    Counsel of Record

        Weih Steve Chang (via U.S. mail)